**In the Matter of Donald M. BOYER, Sr., Debtor.**

**In the Matter of Randy Keith MILLER, Jennifer Sue Miller, aka Jennifer Sue Youmans, Debtors.**

**In the Matter of James E. CLINE, Shirley E. Cline, Debtors.**

**Bankruptcy Nos. 80–00667, 80–01744 and 80–00005.**

United States Bankruptcy Court, D. Idaho.

Jan. 9, 1981.

Marilyn Schwam, Moscow, Idaho, for debtor Boyer.

Allen V. Bowles, Moscow, Idaho, for debtors Miller.

Danny J. Radakovich, Lewiston, Idaho, for debtors Cline.

S. David Swayne, Moscow, Idaho, trustee.

## MEMORANDUM DECISION

MERLIN S. YOUNG, Bankruptcy Judge.

In each of these cases essentially the same problem arises. In each case the debtor failed to claim an allowable exemption in his original schedules. Subsequently trustee took action to obtain assets which could have been subject to exemptions had they been claimed by the debtor. Following trustee's action, each of the debtors filed an amendment to their exemption schedule claiming an exemption on the asset sought by trustee. In the Boyer and Miller cases the asset is an income tax refund. In the Kline case it was an income tax refund and life insurance cash value. Trustee objects to the Amendment in each case. That this is a recurring problem nationwide is evidenced by the number of cases on this issue that have been reported from various Bankruptcy Courts.

In *In re Cobb, Morris and Lowitz*, Bkrtcy., 3 B.R. 150, Judge Brown held that if the erroneous claim of exemption was not amended or objected to within fifteen days after the trustee's qualification, the exemptions originally claimed are final and no amendments can be made. Judge Brown holds that if there is to be adequate administration of Bankruptcy cases, the rights of trustees should be protected.

In the case of *In re Santora*, Bkrtcy., 3 B.R. 210, Judge Hall arrived at essentially the same conclusion but bases his decision upon the requirements of Rule 403(c) which requires that a party in interest file objections to the trustee's report of exempt property within fifteen days. It is difficult to apply this rule to proceedings under the new CODE because trustee does not file a report of exempt property and the exemptions claimed become the exemptions if no objection is made within fifteen days. The burden of objection has shifted from the debtor to the trustee under the Code.

In the matter of *In re Maxwell*, Bkrtcy., 5 B.R. 58, Judge Drake holds that sections (b) and (c) of Rule 403 have been superceded by Section 522 of the Code. This case also states the long standing rule with regard to amendment of exemptions, to wit, that if the amendment is made prior to the granting of a discharge, and there is no showing that any third party will be prejudiced by the amendment, a debtor is entitled to amend. See cases cited in 3 Collier on Bankruptcy, (15th Ed.), pages 522-64.

The issue then becomes whether a trustee falls within the definition of a party whose interests have been adversely affected by an amendment. It is obvious in those cases in which there are no other assets available for liquidation, if the amended exemption is allowed, that trustee has suffered a financial loss as a result of performing his duty as trustee. The meager fee allowed by the Bankruptcy Code to private trustees for non-asset cases will not compensate the

trustee for his efforts in this regard. If the amended exemption is allowed the trustee can receive no fee out of the exempt property (Section 522(k)). Thus, the trustee is prejudiced by the amendment. However, to deny an exemption by reason of this prejudice may be inequitable in many instances. Particularly in those cases where the statutory fee which the trustee could receive if the amendment is denied will be relatively minor as compared to the amount the debtor will lose by reason of his lost exemption. The failure to claim exemptions in my experience is generally the result of negligence, mistake, or lack of knowledge of bankruptcy procedure by the debtor's attorney. The debtor himself should not be penalized for this.

I thus conclude that the Court should exercise its equitable powers in these instances and allow an amendment to exemptions when the exemption was not claimed by reason of excusable neglect, but that its allowance should be conditioned upon payment from sources other than the exempt property to the trustee for any out-of-pocket costs to him by reason of the late claim of exemption. The allowable costs in each case will depend upon the discretion of this Court after trustee has served and filed a statement of his claimed expenses together with a notice that unless an objection is received to his claim within fifteen days, payment of said sum to trustee will be a condition precedent to the allowance of an additional exemption not originally claimed. If the parties cannot agree upon an allowable sum it will be heard by the Court.

Trustee is thus directed to submit a statement of his claimed costs and expenses in each of the above cases. If the sums claimed are paid to him, the amendments will be deemed to be allowed in each case and trustee's objections thereto Denied.