In re Gary Lamar STEWART, Martha Diane Stewart, a/k/a Martha Diane Thomas, a/k/a Martha Diane Golden, a/k/a Martha Diane Allen, Debtors.

**Bankruptcy No. 80–03868A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 1, 1981.

---

James Brock, Atlanta, Ga., for debtors.

William G. McDaniel, Atlanta, Ga., trustee.

### ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

On October 29, 1980, the above-referenced debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* The debtors filed a statement of affairs, schedules, disclosure statement and a statement of exempt property with the voluntary petition. At a § 341 meeting of creditors held December 1, 1980, the trustee elicited statements from the debtors indicating that debtor, Martha Diane Stewart, held a 30% undivided interest in certain property which was neither listed in the schedule of assets nor claimed as exempt property. The trustee then expended considerable amounts of effort in determining the value and extent of this interest. On February 11, 1981, the debtor, Martha Diane Stewart, filed her amendment to her schedule of exempt property, claiming her 30% interest in the property as exempt. On February 26, 1981, the trustee filed an objection to the amended claim of exemptions. On May 19, 1981, the trustee's objection to the amended claim of exempt property was heard and the matter taken under advisement.

 The rule in this district is that so long as an amendment to a claim of exemptions is made prior to the granting of a discharge the debtor is entitled to make the amendment, subject to any intervening rights of third parties. *In re Maxwell*, 5 B.R. 58 (Bkrtcy.N.D.Ga.1980); *In re Blair*, Case No. 79–03718A (B.C.N.D.Ga., Order April 25, 1980). Here the rights of the trustee to compensation for the efforts expended in determining the debtor's interest in this property have intervened between the initial filing of the schedule of exempt property and the filing of the amendment. The Court finds that it would be equitable to allow this amended claim of exempt property only upon the payment to the trustee of reasonable expenses incurred. See *In the Matter of Boyer*, 7 B.R. 930 (Bkrtcy.D. Idaho 1981). Therefore,

IT IS HEREBY ORDERED AND ADJUDGED that the debtor's amended claim of exemption shall be and is allowed subject to payment of reasonable costs and attorney's fees incurred by the trustee.

IT IS SO ORDERED.