**In re Frank F. ANDERMAHR, Debtor.**

**Frank F. ANDERMAHR, Appellant,**

v.

**Floyd BARRUS, Trustee, Appellee.**

BAP No. EC–82–1233.

Bankruptcy No. 281–00437.

United States Bankruptcy Appellate Panels for the Ninth Circuit.

Argued Feb. 18, 1983.

Decided May 23, 1983.

Lynn Anderson Koller, Koller & Hicks, Emeryville, Cal., for appellant.

David E. Russell, Russell, Jarvis, Estabrook & Dashiell, Sacramento, Cal., for appellee.

Before HUGHES, ABRAHAMS and ELLIOTT, Bankruptcy Judges.

HUGHES, Bankruptcy Judge:

This appeal presents three bankruptcy exemption issues arising in a contest between a Chapter 7 debtor and the trustee in bankruptcy.

The trial court ruled on two of the three, holding that: (1) a non-specific claim of exemption such as "other assets of petitioner" is without effect and (2) a debtor is not entitled to the exemption of a tax refund if, when he omitted to claim the refund exempt in his original schedules, he should have known of the forthcoming refund.

The trial court did not rule on the third issue, raised by the debtor's request for leave to amend his exemption schedules.

We hold that a non-specific claim is without legal effect, that the claim of exemption for the refund should not be denied merely because it was asserted several months after the case commenced and that a debtor does not need leave to amend exemption schedules.

Accordingly, we reverse and remand for further proceedings on debtor's motion for an order directing the trustee to turn over a $2202 income tax refund.

## I

Frank F. Andermahr filed bankruptcy on February 5, 1981. He elected the federal exemption system, 11 U.S.C. § 522(d), and claimed certain specific assets exempt. The specified exemptions did not exhaust the $7900 allowed by section 522(d)(5), however, and he applied the excess of $3250 "to other assets of petitioner."

In August or September 1981, the Internal Revenue Service issued a refund for the 1980 calendar year to the debtor, but mailed it to the trustee in bankruptcy. Through his attorney, the debtor asked the trustee to release the refund check to him as part of the excess $3250 in exemptions.

The trustee refused and the debtor filed a motion for turnover. The order denying this motion is the subject of the appeal.

The court's memorandum in support of this order stated that application of the $3250 balance to other assets served no purpose and that the debtor should have known he would receive a refund when he filed his schedules and "specifically ask for the exemption." On that basis, the request was denied.

When the request was heard, the debtor sought permission to amend his exemption schedule to claim the refund exempt. The trustee objected on the grounds of tardiness and the court said it was inclined to agree with the trustee as to "the time element." It did not rule on this question, however.

## II

### A

■ The non-specific claim of exemption gives the debtor no rights, legally or practically. It is mandatory under the language of the statute that the debtor file a list of the property he claims exempt. 11 U.S.C. § 522(*l*). A list of property connotes a selection of specific properties. The claim to "other assets of the petitioner" does not comply with the statute.

Even without the statutory mandate, the practicalities of bankruptcy administration require that the trustee be advised of the precise items of property in the estate, 11 U.S.C. § 541(a), that the debtor elects to withdraw from the estate. The trustee needs this information in order to judge the validity of the exemption claim and to know what property remains in the estate for purposes of liquidation.

■ The trial court properly rejected the non-specific claim of exemption.

### B

The trial court treated the matter as though the debtor had amended to claim the refund as exempt and then, in effect, denied the claim of exemption by denying the debtor's request for a turnover of the refund. The trial court reasoned that the debtor should have anticipated a possible refund and claimed it as exempt initially.

■ In holding that the trial court applied an inappropriate standard, we adopt the rule suggested in *Matter of Doan,* 672 F.2d 831, 833 (11th Cir.1982) that an exemption should be allowed no matter when it is claimed absent a showing of bad faith by the debtor or prejudice to creditors.

Neither the evidence nor the court's findings support a conclusion of either factor. Active concealment of an asset no doubt requires denial of the exemption claim (*Id.* at 833), but the findings support at most a negligent act. Nor is there evidence of prejudice to creditors.

Simple delay in filing an amendment where, as here, the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted.

*Matter of Doan,* supra, at 833.

There being no evidence of bad faith or prejudice to creditors, the court erred in denying turnover on the grounds of delay.

### C

As a matter of procedure, we note that here, as in the *Doan* case, the debtor requested permission to amend his exemption schedules. A debtor does not need court permission to amend any of his schedules so long as the case is still open. Bankruptcy Rule 110. By its terms, the rule permits amendments "as a matter of course."

Bankruptcy Rule 110 is not inconsistent with the Code and therefore governs practice under the Code. 28 U.S.C. § 2075. See *Matter of Doan,* supra, at 833.

The right to amend is not the same as the right to the exemption. Upon objection by the trustee in bankruptcy, however, allowance of the amended exemptions depends on other considerations. *In re Burgess,* 1 B.R. 421 (Bkrtcy.M.D.Tenn.1979); See also *Matter of Gershenbaum,* 598 F.2d 779, 783 (3rd Cir.1979).

These other considerations were addressed in subpart B above.

### III

We conclude that the order denying turnover should be reversed and the matter remanded for further proceedings. No further proceedings are indicated, however, unless and until the debtor amends his schedules to list all property claimed exempt with specificity and any objection by the trustee to the amended list has been decided.

Reversed and remanded.