**In the Matter of Jeffery Michael WELBORNE, Lisa Michelle Welborne, Debtors.**

**Bankruptcy No. BK85–1699.**

United States Bankruptcy Court, D. Nebraska.

April 16, 1986.

---

Mary T. Powers, Omaha, Neb., for debtors.

Douglas E. Quinn of Pieper, Thompson, Crounse and Quinn, P.C., Omaha, Neb., for creditor.

## MEMORANDUM OPINION

TIMOTHY J. MAHONEY, Bankruptcy Judge.

This matter came on for a hearing on January 31, 1986, in Omaha, Nebraska upon the creditor's motion to reconsider the court's order of December 9, 1985, wherein the lien of ITT Financial Services was avoided.

### Facts

Debtors filed their voluntary petition under Chapter 7 of the Bankruptcy Code on July 31, 1985. On Schedule B–4, debtors claimed as exempt:

| | | |
|---|---|---|
| cash on hand deposits (Chanute Credit Union) | 25–1552 | $ 20.00 |
| | 25–1552 | 10.00 |
| household goods & furnishings | 25–1556 | 2500.00 |
| books, pictures, etc. | 25–1552 | 300.00 |
| wearing apparel, jewelry, etc. | 25–1556 | 400.00 |
| equity in 1981 Datsun | 25–1552 | 00.00 |
| | TOTAL | $3230.00 |

On September 30, 1985, the debtors filed a motion to avoid the lien of ITT Financial Services pursuant to 11 U.S.C. § 522(f)(2) in a stereo system and color television. This motion was heard, and on October 28, 1985, this court entered an order overruling the debtors' motion to avoid lien.

Subsequently, the debtors filed a motion to reconsider, which was heard and sustained on December 9, 1985, and another motion to avoid lien (same subject matter), which was set for a hearing on December 19, 1985. ITT then filed a motion to reconsider the order avoiding its lien. Prior to the hearing on ITT's motion, debtors were granted a discharge on January 16, 1986.

At the January 31, 1986 hearing, the debtors requested leave to amend their claim of exemptions to make such claim more specific. The court granted the debtors ten (10) days to propose amended exemptions and both parties time to submit briefs. The creditor submitted its brief. The debtors declined to brief the issues, but amended their schedules as follows:

| | | |
|---|---|---|
| cash on had deposits (Chanute Credit Union) | 25–1552 | $ 20.00 |
| | 25–1552 | 10.00 |
| household goods & furnishings (including but not limited to | 25–1556 | |
| | 25–1552 | 2500.00 |
| a Magnavox TV, a JVC receiver, a JVC tape deck, and tuner) | | |
| books and pictures | 25–1552 | 300.00 |
| wearing apparel, jewelry, etc. | 25–1552 | 400.00 |
| equity in 1981 Datsun | 25–1552 | 00.00 |
| | TOTAL | $3230.00 |

### Issues

(1) Are debtors permitted to amend their schedules relating to exemptions after having been discharged by the Bankruptcy Court? *Answer:* Yes.

(2) Can a stereo system, and a 25" color television be considered exempt under Neb.Rev. Stat § 25–1556 as "necessary" furniture or under personal property exemption Neb.Rev. Stat § 25–1552 if the amendment is allowed? *Answer:* Yes.

### Decision

#### A. Amended List of Claimed Exemptions

Subdivision (a) of BR 4003 implements Code § 522(1) which prescribes that the debtor shall file a list of property that the debtor claims as exempt. Unfortunately, BR 4003 is silent as to the procedure for amending the list of claimed exemptions and the time frame in which the amendments may be filed. However, since the debtors' schedules are the vehicle for listing exemptions, it follows that reference must be made to BR 1009, which deals with amendments, petitions, schedules and lists. Under Rule 1009 the debtor may amend the

schedules, including B-4 containing the listed exemptions, at any time as a matter of course until the case is closed. *6 Norton Bankruptcy Law and Practice Rule § 4003, p. 223.* The fact that the debtor has the right to amend the schedules as a matter of right does not necessarily mean that any additional claim of exemptions ultimately will be allowed. It is clear that a trustee or any party in interest have just as much right to object to the additional claim of exemptions as they have to object to the original claim of exemptions. Decisions under the predecessor Rule to BR 4003, former Rule 110, varied. Amendments were allowed absent prejudice or detrimental reliance. *In re Brock,* 10 B.R. 67, 4 CBC 2d 436 (BC WD Mich., 1981); *In re Maxwell,* 5 B.R. 58, 2 CBC 2d 1000 (BC N.D. Ga., 1980); *In re Burgess,* 1 B.R. 421 (BC M.D.Tenn., 1979); *In re Griffin,* 1 B.R. 653 (BC M.D.Tenn., 1979). Amendments were disallowed where the trustee had taken some action to sell or collect the property involved. *In re Houck,* 7 B.C.D. 486, 9 B.R. 460, 3 CVC 2d 956 (BC E.D.Mich., 1981); *In re Eldridge,* 15 B.R. 594, 5 CBC 2d 841 (BC S.D.N.Y., 1981); *In re Santoro,* 3 B.R. 210 (BC E.D.N.Y., 1980). Amendments were allowed even after the trustee had taken action to deal with the property, but only if the debtor reimbursed the trustee for the expenses incurred and compensated the trustee's attorney for the professional services performed in connection with the property claimed by amendment as exempt. *In re Stewart,* 11 B.R. 447 (BC N.D.Ga., 1981); *In re Boyer,* 7 B.C.D. 88, 7 B.R. 930 (BC Idaho, 1981); *In re Mertsching,* 6 B.C.D. 445, 4 B.R. 519, 2 C.B.C.2d 301 (BC Idaho, 1980).

 It is the determination of this court that, since the Rules do not establish a clear deadline for amending the list of property claimed as exempt, such a deadline should not be read into BR 4003, and the debtor may amend the schedules including Schedule B-4 containing the listed exemptions, at any time as a matter of course until the case is closed. However, upon objection by a party in interest, the court will look at the particular circumstances of each case to determine whether the interests of adverse parties may have vested by prejudice or laches.

 ITT argues that debtor didn't include the items in its list of exemptions. Debtor argues that such items were scheduled but perhaps not as clearly as they could have been. ITT claims to have spent considerable time, effort and money in attempting to enforce this lien, and laches applies. In this case, the court does not see any clear and compelling showing that ITT has put forth great efforts in reliance upon the debtors' original schedule of amendments, and, hence, debtors' amendment of the exemptions will be allowed.

### B. Allowance of Exemption

Under the amended list of exemptions, debtors specifically listed as exempt property, household goods and furnishings, including Magnavox TV, a JVC receiver, a JVC tape deck, and a tuner, under Neb. Rev.Stat. section 25-1556 and section 25-1552. The pertinent subdivision (2) of Section 25-1556 provides:

> No property hereinafter mentioned shall be liable to attachment, execution or sale on any final process issued from any court in this state, against any person being a resident of this state: ... (2) all necessary wearing apparel of the debtor and his family; all kitchen utensils and household furniture, to be selected by the debtor, not exceeding in value fifteen hundred dollars: ...

 ITT argues that debtors claim the stereo system and color tv pursuant to section 25-1556(1) because the value of the stereo is $1800 and the dollar limitation of the exemption is only $1500 and (2) because a stereo system and a color tv constitute luxury furnishings, not necessary furnishings, which the statute contemplates. However, the clause concerning household goods does not require that such goods be "necessary" as does the clothing clause preceding it. The present version of the specific exemption was enacted in 1969 when the Unicameral undertook a major

overhaul of the specific exemption and replaced an overly specific and generally archaic provision with language substantially similar to the present version. Act of June 9, 1969, L.B. 1076, 1969 Neb. Laws 778 (current version at Neb.Rev.Stat. section 25–1556). A substantial body of case law interpreting its provisions has not yet developed. There are, many areas of uncertainty concerning the scope of the categories of personal property specifically exempted by the provision. Duncan, "Through the Trapdoor Darkly: Nebraska Exemption Policy and the Bankruptcy Reform Act of 1978," 60 Neb.L.Rev. 219, p. 267 (1981). Most of the specific categories of exempt property were designed to enable the debtor to hold, free from the claims of his creditors, property necessary to protect him and his family from impoverishment. *In re Estate of Grassman*, 183 Neb. 147, 152, 158 N.W.2d 673, 676 (1968); *Winter v. Winter*, 95 Neb. 335, 340–41, 145 N.W. 709, 712 (1914); *Frazier v. Syas*, 10 Neb. 115, 118, 4 N.W. 934, 935 (1880). At least some of the specifically exempted property was intended to enable the debtor to rehabilitate himself financially. *Clay Center State Bank v. McKelvie*, 19 F.2d 308 (8th Cir.1927); *In re Conley*, 162 F. 806 (D.Neb.1907). Hence, there is no clear answer to whether or not the exemption applies only to necessities of life. However, the starting point with all exemptions is clear—the specific exemptions are to be liberally construed in favor of the person claiming the exemption. Duncan, "Through the Trapdoor Darkly...", *supra.* ITT presents no *Nebraska* caselaw in support of its position, and the clear language of the statute does not dictate such a result. No evidence was presented regarding the values of the items to be exempted except ITT's statement in its brief that stereo was worth $1800.

Nonetheless, assuming that the spirit of 25–1556 provides exemptions only for necessary items, this court finds that the color tv and stereo in this case are not necessities and are not exempt under 25–1556. However, given the fact that the amendment of the exemption list has been allowed, ITT's arguments regarding section 25–1556 seem meaningless if the debtors can otherwise exempt the property under section 25–1552. Section 25–1552, the personal exemption in lieu of homestead, provides:

> All persons who have neither lands, town lots, or houses subject to exemptions as a homestead, under the laws of this state, shall have exempt from forced sale on execution the sum of twenty-five hundred dollars in personal property, except wages. The provisions of this section shall not, in any manner, apply to the exemption of wages, that subject being fully provided for by section 25–1558.

This exemption is basically a "wildcard" exemption, and the only apparent limitation on the nature of the personalty of the debtor to which the $2500 exemption may be applied is that expressly stated in the statute, i.e., the exemption may not be applied to wages. Duncan, "Through the Trapdoor Darkly ...", *supra.*

Pursuant to *In re Dahlberg*, BK78–0–1356 and BK78–0–1357, (D. Neb. June 27, 1979), both debtors are entitled to claim their statutory amounts under both 25–1552 and 25–1556.

Therefore, this court determines that the items are exempt under 25–1552 and the lien of the creditor is avoided.