**In re Donald Robert MYATT, Jr. dba M & T Refiners; Sierra View Refiners Inc; G & L Enterprises.**

**Bankruptcy No. 288–07212–A–7.**

United States Bankruptcy Court, E.D. California.

April 17, 1989.

Decided May 31, 1989.

---

Donald R. Myatt, Jr., Auburn, Cal., pro se.

John R. Roberts, Placerville, Cal., Trustee.

### ORDER DENYING OBJECTION UPON CONDITION PRECEDENT

LOREN S. DAHL, Chief Judge.

#### STATEMENT OF FACTS:

On October 31, 1988, Donald R. Myatt Jr. filed a petition for relief under Chapter 7 of title 11 of the United States Code. In response to question 15b on the Statement of Financial Affairs For Debtor Not Engaged in Business, Mr. Myatt (hereinafter debtor) listed $1,590 as payment to attor-ney Richard Guggenheim for "services in connection with this bankruptcy petition". At the meeting of creditors and on all papers filed, debtor had portrayed himself as acting in Pro Per. As a consequence of this dichotomy, the trustee petitioned the court to act in the dual capacity of attorney for the trustee and on February 2, 1989, filed a motion objecting to the attorney fees claimed by debtor pursuant to 11 U.S.C. § 329(b). That motion was granted by this court on March 8, 1989 and attorney Guggenheim was ordered to return $1,375 of his fee to the trustee.

On March 30, 1989 a discharge was filed. One day later, on March 31, 1989, debtor submitted an amended Schedule B–4 which now listed the returned $1,375 as exempt under section 703.140(b) of the California Code of Civil Procedure. Trustee has filed a motion objecting to the amended claim of exemptions which is the basis of the instant case.

#### ISSUE:

May a debtor properly amend the list of exemptions in his bankruptcy petition to include monies subsequently obtained by the trustee acting as attorney for the estate when such an amendment will preclude the trustee from compensation under 11 U.S.C. § 326(a)?

#### DISCUSSION:

The amending of a schedule presented as part of a Chapter 7 petition is presently governed by Bankruptcy Rule 1009. The majority of case law is based on former Bankruptcy Rule 110, however, "Rule 110 has been adopted without substantive change as Rule 1009 of the (new) Federal Rules of Bankruptcy Procedure, effective August 1, 1983." *Lucius v. McLemore*, 741 F.2d 125, 126 (6th Circuit 1984). Rule 1009 states in pertinent part:

Rule 1009. Amendments of Voluntary Petitions, Lists, Schedules and Statements.

(a) General Right to Amend. A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement *may be amended by the debtor as a matter*

*of course at any time before the case is closed ...* (emphasis added)

"The Advisory Committee Note to Rule 1009 reaffirms the legislative intent to allow amendment as a matter of course for schedules, including lists of exempt property [wherein it states] 'this rule continues the permissive approach adopted by former Bankruptcy Rule 110 to amendments of voluntary petitions and accompanying papers'." *Lucius v. McLemore,* Supra, 741 F.2d at p. 127. This "permissive approach" allows amendment at any time before the case is closed and denies courts discretion to reject amendments or to require a showing of good cause. See: *In re Magallanes,* 96 B.R. 253, 255–256 (9th Circuit BAP 1988); *In re Gershenbaum,* 598 F.2d 779, 781 (3rd Circuit 1979); and *Shirkey v. Leake,* 715 F.2d 859, 863 (4th Circuit 1983).

"Facially, this rule [1009] constitutes a blanket authorization to amend a debtor's schedules at any time prior to the close of a bankruptcy case." *In re Drake,* 39 B.R. 75, 76 (Bkrtcy.E.D.N.Y.1984), *In re Galvin,* 50 B.R. 583, 585 (Bkrtcy.D.R.I.1985). "However, bankruptcy court decisions have recognized the procedural and practical problems of case administration that a liberal application of this rule to claims of exemption would create". *In re Snow,* 21 B.R. 598, 600 (Bkrtcy.E.D.CA 1982). In response the ninth circuit, along with other modern courts, has adopted a limiting caveat, first delineated in *Doan,* "... that a court might deny leave to amend on a showing of a debtor's bad faith or of prejudice to creditors". *Matter of Doan,* 672 F.2d 831, 833 (11th Circuit 1982). In accord: *In re Magallanes,* Supra, 96 B.R. at p. 256; *In re White,* 61 B.R. 388, 394 (Bkrtcy.W.D.Washington 1986); and *In re Andermahr,* 30 B.R. 532, 533 (9th Circuit BAP 1983). "The test articulated in *Doan* allows at least some discretion to be exercised by the bankruptcy court in deciding whether to allow a particular change of exemptions." *In re Shaffer,* 92 B.R. 632, 634 (Bkrtcy.E.D.PA 1988).

To determine if the debtor may amend his exemption schedule it is necessary to analyze the proposed amendment in light of the criteria set forth by Bankruptcy Rule 1009 and recent ninth circuit decisions that follow the *Doan* caveat. That criteria requires: 1) that the case not be closed; 2) that there be an absence of bad faith by the debtor; and 3) that there be no prejudice to creditors.

1) *Has the case been closed?*

Bankruptcy Rule 1009 permits the debtor to amend his schedule "... at any time before *the case is closed*". Bankruptcy Rule 5009 describes the procedure by which a case is closed:

Rule 5009.  Closing Cases

When an estate has been fully administered and the court has discharged the trustee, the case shall be closed.

The trustee has made no claim that the case is closed and although the discharge was granted the day before the debtor filed his amended claim, the case was at that time, and is now, open.

2) *Has the debtor shown bad faith?*

"To establish a bad faith exception ... one must do so by clear and convincing evidence.... The intermediate standard of clear and convincing evidence insures the protection of creditor's rights and the court's policy of "permissive amendment" pursuant to Rule 1009." *Matter of Brown,* 56 B.R. 954, 958 n. 10 (Bkrtcy.E.D.Michigan 1986).

The ninth circuit affirmed the use of the clear and convincing standard in *Magallanes* stating that: "This standard allows the party alleging bad faith an opportunity to prove his or her claim, but also implements the policy of liberally allowing the debtors to amend their exemption claims in order to enhance their fresh start." *In re Magallanes,* Supra, 96 B.R. at p. 256.

According to the court in *Jelinek,* one of the most recent cases dealing with exemption amendments, the timeliness of an amendment is indicative of the good or bad faith behind the motion. The court stated: "... [O]ne of the reasons for disallowing an amendment under *Doan* ... is the debtor's bad faith.... [A]mendment at an early point in the case, rather than at a later

point, tends to negate bad faith." *In re Jelinek*, 97 B.R. 429, 433 (Bkrtcy.N.D.Illinois 1989).

It is the trustee's contention that debtor should have filed his amendment before the trustee acted to reclaim the excessive fees. Debtor properly listed the $1,590 he paid to an attorney prior to filing his bankruptcy petition. No evidence has been submitted to indicate that the debtor was sophisticated as to the costs of bankruptcy, or that he was aware he was being overcharged. The record shows that the trustee's motion objecting to attorney's fees was filed on February 2, 1989. Debtor claims that he did not know the fee was excessive nor did he receive a copy of the trustee's objection. The court takes notice that according to the proof of service, the Notice of Hearing and Motion, mailed on February 2, 1989, was sent to the attorney from whom the trustee was attempting to reclaim the fees and to the trustee's office but not to the debtor, even though he was listed on all court documents as Pro Per. Copies of the March 8, 1989 order granting the turnover of the attorney fees to the trustee were also sent only to the trustee and the attorney involved.

Debtor does not say just how or when he learned of the money recovered by the estate, but the record shows that he filed his amended claim on March 31, 1989, twenty-three days after the order turning over the funds was issued. This does not seem untimely considering the fact that debtor was not informed of the excessive fee or of the successful recovery of the monies. There appears to this court to be no clear and convincing evidence of any bad faith on the part of this debtor.

### 3) *Has there been prejudice to the creditors?*

It is first necessary to determine if the trustee can claim prejudice when the criteria requires that the prejudice be to the creditors. As succinctly stated in *Boyer*, "The issue ... becomes whether a trustee falls within the definition of a party whose interests have been adversely affected by an amendment". *Matter of Boyer*, 7 B.R. 930, 931 (Bkrtcy.D.Idaho 1981).

A trustee in bankruptcy has been defined as: "A person in whom the property of a bankrupt is vested in trust for the creditors". *Black's Law Dictionary*, 5th Edition, at p. 1357. It would appear that a trustee, in his fiduciary capacity, "stands in the shoes" of a creditor and that any action prejudicial to a trustee is in fact prejudicial to a creditor.

The trustee bases his claim of prejudice to himself on three general themes: 1) that the amendment was not timely filed; 2) that an asset can not be exempted once it is in the possession of the trustee; and 3) that to exempt the asset would unfairly deny compensation to the trustee.

In regards to the timeliness of filing, the court stated in *Doan* that: "Simple delay in filing an amendment where ... the case is not closed does not alone prejudice creditors. Nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted." *Matter of Doan*, Supra, 672 F.2d at p. 833. *In re Sheridan*, 38 B.R. 52, 54 (Bkrtcy.D.Vermont 1983), *In re Drake*, Supra, 39 B.R. at p. 76, and *In re Andermahr*, Supra, 30 B.R. at p. 534.

This court finds no problem with the timeliness of the filing of the amendment. As pointed out in the discussion above regarding bad faith, debtor had no notice of trustee's attempt to regain the monies paid to the attorney not of the ultimate success of that attempt. The debtor properly listed the money paid to an attorney when the petition was first filed and then filed to amend his exemption schedule only 23 days after the attorney fees were returned to the estate.

The trustee next claims that because the asset was in his possession at the time the amendment request was filed, the debtor should be precluded from belatedly stepping in and claiming the asset.

The ninth circuit has rejected the argument that prejudice to creditors necessarily results where an amendment and allowance of exemption occurs after assets have come into the possession of the trustee. In *In re*

*Andermahr,* Supra, 30 B.R. at p. 534, the income tax refund garnered by the trustee for distribution to creditors was made subject to the debtor's claim by allowing amendment to the Schedule B–4. "... [P]rejudice is [not] shown simply because a trustee has begun collecting an asset ... prior to an application to amend the scheduled exemption in such an asset". *In re Drake,* Supra, 39 B.R. at p. 77.

In light of the above holdings and the circumstances surrounding debtor's lack of knowledge as to the reclaiming of the excessive fee, the fact that the trustee had taken possession of the asset before the amendment was filed is of no relevance.

The trustee next claims prejudice to himself because, put simply, he did all the work to gather the asset for the estate and under 11 U.S.C. § 326(a) if it is turned over to the debtor the trustee doesn't get paid for his work.

The court in *Selman* appropriately stated the situation:

There is great unfairness in having a trustee diligently take charge of assets not claimed exempt and reduce the asset to cash, expending considerable time, effort and expense in the process. Then when the cash would otherwise be distributed to creditors, the debtor seeks to amend his exemptions to claim the benefit of the trustee's work without bearing the burden of the trustee's efforts. *In re Selman,* 7 B.R. 889, 890 (Bkrtcy.D.N. M.1980).

Under section 326(a) of 11 U.S.C. a trustee is not allowed to draw compensation for property which is ultimately distributed to the debtor. The court acknowledges that without the diligence of the trustee herein the excessive payment received by the attorney for his non-work would have been lost to both the estate and the debtor. The trustee, acting as attorney for the estate expended time and effort and to do so without compensation cannot help but result in his being prejudiced by the debtor's amendment.

CONCLUSION:

In evaluating the instant case in light of the criteria of Bankruptcy Rule

1009 and the *Doan* caveat this court finds that the case was open, that there was no bad faith on the part of the debtor and that the trustee, standing in the shoes of the creditor, has been prejudiced. However, to deny an exemption by reason of this prejudice may be inequitable, particularly when the debtor was unaware that the asset was available. Neither party deserves to be penalized and the equities must therefore be balanced.

Although the court finds no ninth circuit cases on point, there is precedent in other circuits wherein an amendment has been allowed that is prejudicial to the trustee when it is conditioned upon payment to the trustee of reasonable expenses incurred. See: *In re Stewart,* 11 B.R. 447 (Bkrtcy.N. D.Georgia 1981); *In re Boyer,* Supra, 7 B.R. 930.

This is a court of equity and as such we shall use those powers to allow an amendment to the exemptions, but that allowance is to be conditioned upon payment, from sources other than the exempt property, to the trustee for any out-of-pocket expenses incurred in his role as attorney for the trustee in reclaiming the $1,375 overpayment.

The trustee/attorney shall serve and file a statement of his claimed expenses together with a notice that unless an objection is received to his claim within 15 days, payment of said sum to the trustee will be condition precedent to the allowance of an additional exemption not originally claimed. If the sum claimed is paid to him the amendment will be deemed to be allowed and the trustee's objection thereto Denied.

IT IS SO ORDERED.