**In re Robert George BLAISE and Catherine Janice Blaise, Debtors.**

**Bankruptcy No. 89–00152.**

United States Bankruptcy Court,
D. Vermont.

June 6, 1990.

R. Obuchowski, Mayer, Berk & Obuchowski, South Royalton, Vt., Chapter 7 trustee, pro se.

T. Taylor, Kelley, Meub, Powers & English, Ltd., Rutland, Vt., for Robert G. and Catherine J. Blaise, debtors.

## MEMORANDUM OF DECISION ON TRUSTEE'S OBJECTION TO AMENDMENT TO EXEMPTIONS

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter[1] is before us on Trustee's objection to Debtors' proposed amendment and claim of exemptions. Debtors move to amend Schedules B-2, B-3, and B-4 to include their interest in pre-petition auction proceeds as exempt property. Debtors also claim as exempt two bank accounts and three vehicles[2] not originally listed in Schedules B-2 and B-4. Trustee objects because Debtors did not list the preference action the trustee subsequently brought to recover the auction proceeds in their original filings, nor did they originally claim any exemption on such monies. Trustee's Objection to Claim of Amended Exemptions, page 1. Trustee argues that Debtors' claim of exemption is untimely and is detrimental to the interests of the unsecured creditors. And further, that if such exemption is allowed, Trustee has relied detrimentally on Debtors' previous failure to claim such exemption incurring costs and time which would not have been expended in administering the property had such exemption been claimed in the original filing.

We allow Debtors' amendment because we find Debtors are entitled to amend their schedules to include a claim of exemption at any time prior to the granting of a discharge. We find, however, Trustee would be prejudiced by the allowance of the recovered auction proceeds as newly claimed exempt property. Thus, we condition our allowance upon reimbursement to Trustee by Debtors of his costs and expenses incurred by reason of the amended claim of exemption.

Debtors filed a voluntary petition under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101, et seq., on June 7, 1989. Debtors' original Schedule B-4 failed to claim any exemption to the auction proceeds of Debtors' property held before the bankruptcy filing. Debtors did, however, identify the proceeds to the auction on their statement of financial affairs filed contemporaneously with their Chapter 7 petition. Debtors indicated their property was trustee processed in Addison County Superior Court under a collection action on a prior judgment. Debtors also stated in their petition that to the extent the property was trustee processed it constituted a preferential transfer under 11 U.S.C. § 547(b). On August 4, 1989, Trustee brought an action for turnover of the proceeds of the auction. Debtors filed an amendment to their schedules to include $3,000[3] of the auction proceeds as exempt property on September 20, 1989. A hearing was held

---

**1.** We have jurisdiction to determine this matter under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This matter is core under 28 U.S.C. § 157(b)(2)(A). Our Memorandum of Decision constitutes conclusions of law and findings of fact under F.R.Civ.P. 52 as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

**2.** Trustee does not indicate an objection issuing to Debtors' amended claim of exemptions re-

garding the vehicles and bank accounts. Accordingly, we do not address them in our discussion.

**3.** At this writing, the actual amount of Debtors' interest in the auction proceeds remains undetermined by the Addison County Superior Court action. Debtors note to the Court that they claim exempt at least $3,000 and at most the entire proceeds of $9,025 because the exact amount attributable to Debtors' estate is in question.

on Trustee's objection, post-hearing briefs were ordered, and the matter was taken under advisement.

■ The first issue raised by Trustee is the propriety of amending schedules to include property claimed as exempt which was not otherwise listed in the original filings. Trustee argues Debtors' amendment is untimely. We disagree. Rules of Practice and Procedure in Bankruptcy Rule 1009(a) provides in part:

> (a) **General Right to Amend.** A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed.

Furthermore, Rules of Practice and Procedure in Bankruptcy Rule 4003(b) provides in part:

> (b) **Objections to Claim of Exemptions.** The trustee or any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) or the filing of any amendment to the list unless, within such period, further time is granted by the court.

It would follow, thus, that by its terms Rule 1009 liberally entitles a debtor to amend at any time before the case is closed. The language of Rule 4003 also clearly supports a debtor's right to amend in providing the time frame within which one may object to an amended exemption list. We find no time bar exists in which to file amendments to claim exemptions because Debtors' bankruptcy case remains open. Trustee's timeliness argument fails.

■ The right to amend, however, is not the same as the right to the exemption. *In re Burgess*, 1 B.R. 421, 424, 22 CBC 166 (Bkrtcy.M.D.Tenn.1979); see, *In re Sheridan*, 38 B.R. 52, 54 (Bkrtcy.D.Vt.1983). A trustee or any party in interest has as much right to object to the additional claim of exemptions as they have a right to object to the original claim of exemptions. Rules of Practice and Procedure in Bankruptcy Rule 4003(b). Upon objection by the trustee, allowance of the amended exemption depends on other considerations, namely, whether there is a showing of bad faith by the debtor or prejudice to creditors. See, *Matter of Doan*, 672 F.2d 831, 833, 13 BCD 174, 6 CBC.2d 306, CCH BLR, paragraph 68649 (11th Cir.1982). Accord, *Matter of Hardage v. Herring Nat. Bank*, 837 F.2d 1319, 1324, CCH BLR, paragraph 72206 (5th Cir.1988); *Stinson v. Williamson (Matter of Williamson)*, 804 F.2d 1355, 1358 (5th Cir.1986); *Lucius v. McLemore*, 741 F.2d 125, 127, 12 BCD 847, 11 CBC.2d 296, CCH BLR, paragraph 69974 (6th Cir. 1984); *Andermahr v. Barrus (In re Andermahr)*, 30 B.R. 532, 533, 10 BCD 917, 8 CBC.2d 1316, CCH BLR, paragraph 69267 (9th Cir. BAP 1983).

Trustee objects to the claim of exemption on two grounds: the claim is detrimental to the interests of the unsecured creditors, and Trustee has detrimentally relied on Debtors' failure to list the claimed exemption in original schedules incurring costs and time which would not have been expended otherwise. Trustee waived any allegation of bad faith by Debtors at the December 4, 1989 hearing.

■ This Court in *In re Sheridan*, 38 B.R. 52 (Bkrtcy.D.Vt.1983) has held a simple delay in filing an amendment does not prejudice creditors where the case is not closed, *Id.* at 54, citing, *Matter of Doan*, *supra*, 672 F.2d at 833, nor does prejudice to creditors occur merely because a claimed exemption, if held timely, would be granted. *Id.*, 672 F.2d at 833. Judge Marro, in *Sheridan*, went on to say that where the case was noticed to creditors as a "no asset" case, no creditor reasonably relied on a distribution in the case and, accordingly, there could be no prejudice to any creditor if the debtor's new claim of exempt property was allowed. *In re Sheridan, supra*, at 54.

Trustee's chief contention, however, appears to rest more with the proposition of detriment to himself rather than to the unsecured creditors in this case. Because we agree with Judge Marro's holding in *Sheridan*, supra, and can find no prejudice running to the creditors, we concur with

Trustee that if anyone might suffer prejudice by the allowance of the new exemption it would be Trustee.

 Clearly, in a case where no other assets are available for liquidation, if the amended exemption is allowed, the trustee has suffered a financial loss as a result of performing his duty as a trustee. See, *Matter of Boyer*, 7 B.R. 930, 931, 7 BCD 88 (Bkrtcy.D.Idaho 1981). Accord, *In re Myatt*, 101 B.R. 197, 201, 19 BCD 843 (Bkrtcy.E.D.Cal.1989); *Roberts v. Harris (In re Harris)*, 101 B.R. 210, 213 (Bkrtcy.E.D.Cal.1989); *In re Stewart*, 11 B.R. 447, 448 (Bkrtcy.N.D.Ga.1981). The case of *In re Selman*, 7 B.R. 889, CCH BLR, paragraph 67784 (Bkrtcy.D.N.M.1980) is helpful in that it clarifies the concept of prejudice to the trustee. *Selman* considered the problem where a trustee has begun collecting an asset not originally claimed as exempt:

> The crux of the difficulty lies in § 326, which denies to the trustee any compensation on moneys disbursed to the debtor. There is great unfairness in having a trustee diligently take charge of assets not claimed as exempt and reduce the asset to cash, expending considerable time, effort and expense in the process. Then, when the case would be otherwise distributed to the creditors, the debtor seeks to amend his exemptions to claim the benefits of the trustee's work, without bearing the burden of the trustee's efforts.

*Id.*, 7 B.R. at 890. Under 11 U.S.C. § 326(a),[4] a trustee cannot draw a fee percentage compensation for monies collected for distribution (ultimately) to the debtor, unwilling as such a distribution may be. At best, the trustee would be permitted $45.00[5] for services rendered in what

would become again a no-asset case. Although not knowing at this time what costs Trustee has expended securing the asset at issue, we feel rather confident a $45.00 fee wouldn't make him terribly happy. Hence, we find, having relied on Debtor's original schedules, having taken appropriate action based on that reliance to recover monies for the unsecured creditors, and having expended unreimbursable (if the new exemption is allowed) costs in the process, Trustee is definitely prejudiced by Debtors' amendment.

However, to deny an exemption by reason of this prejudice may be inequitable in many instances. *Matter of Boyer*, supra, 7 B.R. 930, 932 (Bkrtcy.D.Idaho 1981). Accord, *In re Drake*, 39 B.R. 75, 77 (Bkrtcy.E.D.N.Y.1984); *In re Myatt*, supra, 101 B.R. 197, 201 (Bkrtcy.E.D.Cal.1989); *In re Harris*, supra, 101 B.R. 210, 213 (Bkrtcy.E.D.Cal.1989); *In re Stewart*, supra, 11 B.R. 447, 448 (Bkrtcy.N.D.Ga.1981). The Court in *In re Davis*, 38 B.R. 585, 587 (Bkrtcy.M.D.Tenn.1984) advises:

> [T]he failure to claim the exemption in the original documents is almost always the result of "attorney oversight" or "miscommunication" between the attorney and client not intentional misconduct or gross neglect.... The trustee and affected creditors can be protected from prejudice and fraud by requiring reimbursement of costs and expenses reasonably incurred in detrimental reliance on the original exemption schedule on a case by case basis. (Footnote excluded).

Davis adds a caveat to the foregoing that the Court will not tolerate the haphazard or intentionally deceptive use of exemptions to the prejudice of the trustee, but when prejudice has resulted through mere negligence it will entertain a motion for the

---

**4.** 11 U.S.C. § 326(a), Limitations on compensation of trustee, provides:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, upon all moneys disbursed or

turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

**5.** 11 U.S.C. § 330(b), Compensation of offices, provides:

(b) There shall be paid from the filing fee in a case under chapter 7 of this title $45 to the trustee serving in such case, after such trustee's services are rendered.

assessment of costs and expenses. *In re Davis*, supra, at footnote 5. The Court in *Matter of Boyer*, supra, has commented in a similar fashion. Judge Young said denying an exemption by virtue of prejudice may be inequitable "[p]articularly in those cases where the statutory fee which the trustee could receive if the amendment is denied will be relatively minor as compared to the amount the debtor will lose by reason of his lost exemption." Judge Young continued, saying, "The failure to claim exemptions in my experience is generally the result of negligence, mistake, or lack of knowledge of bankruptcy procedure by the debtor's attorney. The debtor himself should not be penalized for this." *Id.*, 7 B.R. 930, 932 (Bkrtcy.D.Idaho 1981).

As recounted earlier in this writing, although Debtors neglected to list the auction proceeds as exempt on their original schedules, they did identify the proceeds on their statement of financial affairs. Debtors indicated their property was trustee processed, and that to the extent the property was trustee processed it constituted a preferential transfer under 11 U.S.C. § 547(b). Moreover, we find Debtors acted quickly to amend their schedules upon realizing the monies Trustee was collecting constituted an exemptible asset. Finally, we think it important to note Debtors indicated in their pleadings in response to Trustee's objection to the amendment they do not disagree with a claim by Trustee for reimbursement of expenses made in effort to recover the auction proceeds. Debtors' Response to Trustee's Objection ..., page 2; Debtors' Reply to Trustee's Memorandum ..., pages 5, 6, and 7.

We have found Trustee is clearly prejudiced. But, in view of Debtors' conduct regarding this asset, it seems plausible to conclude the issue before us results from nothing more than oversight or inexperi-

ence in Debtors' camp. Neither party deserves to be penalized and the equities must therefore be balanced. *In re Myatt*, supra, 101 B.R. 197, 201 (Bkrtcy.E.D.Cal. 1989).

Considering for a moment Judge Young's comments, supra, we make a quick calculation comparing Trustee's fee if the amendment is denied versus the amount Debtors would lose. Following the percentages allowable to Trustee as mandated by statute, see footnote 4, we determine that based on Debtors' claim of $3,000 Trustee could be compensated $270.00. In suit, based on Debtors' indication the proceeds they are claiming could be as much as $9,025, see footnote 3, Trustee could be compensated $450.75.

In light of the foregoing, we exercise our equitable powers and hold Debtors' amended exemption is allowed, but that because Trustee is prejudiced, such allowance is conditioned on Debtors' reimbursement[6] to Trustee for costs and expenses incurred by reason of the amended claim of exemption. An appropriate Order will be entered.

---

**6.** This Court is aware there are several cases which while providing for reimbursement to the trustee as a condition to allowance of the exemption, add the limitation that such reimbursement must issue from sources other than the allowed claim of exempt property. See, *In re Myatt*, 101 B.R. 197 (Bkrtcy.E.D.Cal.1989); *In re Boyer*, 7 B.R. 930 (Bkrtcy.D.Idaho 1981).

Debtors have effectively argued that such a limitation, in a case such as this, where there are no assets available for distribution to creditors is patently unreasonable. Debtors remind us the reason they sought bankruptcy protection under Chapter 7 is because they have no appreciable funds from which to pay their debts. Their point is well-taken. Hence, we make no such limitation in this case.