## MICHAEL v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. June 6, 1925. Rehearing Denied September 28, 1925.)

### No. 3415.

1. **Criminal law ⚖➔1134(3)—Conviction for presenting fraudulent claims for damages to interstate shipments sustainable, where shown defendant was consignee named in bill of lading as to one or more of several charges in indictment.**

In a prosecution for presenting false and fraudulent claims for damages sustained in interstate shipment of coal, where indictment was on several counts, conviction sustainable, where defendant was shown to be consignee named in bill of lading as to one or more of charges, and whether or not he was consignee, within meaning of Interstate Commerce Act, § 10, par. 3 (Comp. St. § 8574), as to other charges, need not be determined.

2. **Commerce ⚖➔33—Act to regulate commerce applicable to shipment from one point to another in state via another state; "interstate commerce."**

Where freight passed from Southern Illinois into Indiana and back to Illinois, it was "interstate commerce," and act to regulate commerce was applicable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

3. **Criminal law ⚖➔1169(2)—Testimony as to price of coal by bookkeeper not prejudicial, in a prosecution for presenting false claims.**

In a prosecution for presenting false claims for damages in shipping coal, evidence by bookkeeper of coal company as to price of coal was not prejudicial; amount of claim being unimportant, and actual purchase price of coal being conclusively established, in view of other testimony.

4. **Criminal law ⚖➔1122(5)—Whether accused prejudiced by charge can only be ascertained by examination of entire charge.**

Whether accused is prejudiced by any particular language in charge of court can only be ascertained by an examination of entire charge, and, where bill of exceptions did not

contain all instructions given, appellate court is unable to say whether or not defendant was prejudiced.

5. **Criminal law ⚖➔787(1)—Accused entitled to statement that his failure to testify is not to be construed against him.**

Accused, declining to take witness stand, entitled to statement from court that his failure to testify is not to be construed against him.

6. **Criminal law ⚖➔787(2)—Instruction that failure of accused to testify did not in any way disregard or impair effect of uncontradicted facts not error.**

Where court gave requested charge that failure of accused to testify should not be construed against him, but further instructed that such failure to testify did not impair effect of uncontradicted facts, such instruction was not erroneous.

7. **Criminal law ⚖➔1134(3)—Where conviction on one act free from error, and sentence sustainable thereunder, sufficiency of other count need not be considered.**

Where there was a conviction on one count free from error, and sentence was sustainable thereunder, the sufficiency of another count in the indictment need not be considered.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

James C. Michael was convicted of presenting fraudulent claims for damages sustained from interstate shipment of coal, and he brings error. Affirmed.

Harry S. Ditchburne and Marcia Eisner Lewis, both of Chicago, Ill. (Benjamin P. Epstein, of Chicago, Ill., of counsel), for plaintiff in error.

Edward J. Hess, of Chicago, Ill., and J. Stanley Payne, of Washington, D. C., for the United States.

Before ALSCHULER, EVANS, and PAGE, Circuit Judges.

EVAN A. EVANS, Circuit Judge. Defendant was charged with having presented fraudulent claims for damages sustained in the shipment of coal, such transportation being interstate, and with having conspired with others to commit the offense "of unlawfully obtaining certain allowances, refunds and payments from common carriers," etc. The indictment contained eleven counts, but one was withdrawn from the jury. Upon conviction on all remaining counts, defendant was given a sentence that might properly have been imposed upon his conviction on any single count of the indictment. The errors assigned deal with the instructions, the admission of evidence, the construction of the statute involved, and the sufficiency of the count charging a conspiracy.

[1] The evidence is sufficient to support the verdict so far as it relates to the presentation of false and fraudulent claims, but it is insisted that as to several counts it failed to show that defendant either delivered the property for transportation to a common carrier or that such common carrier transported property for him "*as consignor or consignee.*" Whether defendant was a "consignee," within the meaning of paragraph 3, § 10, of the Act to Regulate Commerce (Comp. St. § 8574), in view of the assertion that he was a stranger to the bill of lading (a question not free from serious doubt), we need not determine; for it appears that, as to one or more of the charges, defendant was the "consignee" named in the bill of lading.

[2] The contention that the shipment was intrastate, and therefore the Act to Regulate Commerce was not applicable, is based upon the showing that shipment in each instance was from a point in Illinois to Chicago, Ill. It further appears, however, that the freight passed from Southern Illinois into Indiana, and back to Illinois, before reaching Chicago. It was therefore interstate transportation. Western Union Tel. Co. v. Speight, 254 U. S. 17, 41 S. Ct. 11, 65 L. Ed. 104.

[3] The assignment of error respecting the admission of evidence is predicated upon the statement of the witness Hurley, who testified that she was the bookkeeper of the Merchants' Coal & Coke Company; that the company, in the ordinary course of business, received a notice of shipment from the mine, which she entered in the car record book, showing from whom it was purchased, the date, and the price. She further testified that some of the records were made by one Miss Anderson, no longer in the employ of the company. Her testimony as to price of coal was in part based upon the extensions thus made by Miss Anderson, and in part upon the cards above referred to.

Such evidence could not possibly have prejudiced defendant. He was being charged with having presented various claims false in fact, and the *amount* of such claims was not in this case of much importance. Moreover, other testimony conclusively established the actual purchase price of the coal. Such testimony was undisputed, and stood as a verity in the case. We have no hesitancy in concluding that no prejudicial error was committed in the reception of this evidence.

[4] Defendant, at the close of the court's charge, requested the following additional instruction: "I also instruct you that under the law a defendant in a criminal case is not required to testify in his own behalf. He may do so, or not, as he chooses. The failure of the defendant to take the stand as a witness in his own behalf must not be considered by you in any way as an element against such defendant, nor be permitted by you in your deliberation to militate against him."

This request was granted, but the judge added the following: "I am not to be understood, however, as indicating to you the view that an uncontradicted fact in the case is to be looked upon by you, in view of anything which I have said on this subject in any other light than as an uncontradicted fact."

The bill of exceptions does not contain all the instructions given. We are therefore unable to say whether defendant was prejudiced by the last instruction given, a portion of which was invited by his own counsel. Whether an accused is prejudiced by any particular language in a charge can only be ascertained by an examination of the entire charge. Colt v. United States, 190 F. 308, 111 C. C. A. 205. Not infrequently does it occur that language which, standing alone, might be subject to criticism, is entirely harmless when read in connection with other portions of the instructions.

[5, 6] Viewing, the language complained of, however, disconnected from the balance of the charge, we find no basis for the criticisms made of it. Certainly the time has long passed in federal courts when instructions must be given in the language of counsel who proposes them. Not only the outline of the charge, but the language with which the thoughts are clothed, are matters for the sole determination of the trial judge. Only by allowing the judge the widest latitude in the analysis of the case and the order of presentation, can a proper and intelligent presentation of the issues be made. If proposed instructions of counsel were alone given, the charge as a whole might stress the unimportant and minimize the important issues in the case. It would be a collection of abstractions that would in no way help the jury in coming to a correct verdict. These evils can only be avoided when the judge, upon the close of the trial prepares his own charge, aided, it may be, by the suggestions that appear in the proposed instructions.

When an accused declines to take the witness stand, he is doubtless entitled to a statement from the court to the effect that his failure to testify shall not be construed against him. There seems to be a difference

of opinion among the judges and the bar as to whether such reference to the accused's failure to testify helps or injures him before the jury. Some courts have gone so far as to criticize the trial judge for giving such an instruction in the absence of a request.

There is always a possibility of the jury's misunderstanding the court's reference to defendant's failure to testify, and it is entirely proper for the judge to add that which is here criticized. The instruction requested by counsel has little of merit to commend it. It is, we believe, impossible to remove entirely the effect of the failure of the accused to deny under oath charges preferred against him when opportunity for so doing arises. In the present case, however, the trial judge did all the accused asked him to do, and then added, what was entirely proper (Robilio v. U. S. [C. C. A.] 291 F. 975), that such failure to testify did not in any way destroy or impair the effect of uncontradicted facts.

[7] The sufficiency of the eleventh count (the one charging a conspiracy) is challenged for various reasons. We pass them all, because the record discloses a conviction on another count, free from error, with a sentence sustainable on that count alone. Any error as to the conspiracy count, therefore, under well established precedents, would not justify a reversal.

Other assignments of error appear, but we do not believe they require special consideration. Some were waived on the oral argument, while the others do not appeal to us as possessing merit.

The judgment is affirmed.