## In re BATAVIA METAL PRODUCTS, Inc.

## FILBEN MFG. CO., Inc., v. BATAVIA METAL PRODUCTS, Inc.

### No. 9389.

Circuit Court of Appeals, Seventh Circuit.

Feb. 28, 1948.

Harry Shriman and Schwartz, Allen & Shriman, all of Chicago, Ill., for appellant.

J. H. Schwartz and Norman H. Nachman, and Schwartz and Cooper, all of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

On November 1, 1945, the alleged bankrupt, hereinafter referred to as the debtor, entered into a license agreement with the appellant by the terms of which the latter licensed the debtor to manufacture and sell certain automatic phonographs. The license agreement is not in the record. It does not appear when the bankruptcy proceedings were instituted, but subsequent thereto, on August 30, 1946, an infringement suit was filed in the District Court for the Northern District of Illinois against the debtor by Rock-Ola Manufacturing Corporation in which it claimed the in-

8

fringement of certain patents owned by it. Thereafter, the appellant filed a petition in the bankruptcy proceedings to terminate the license agreement, which the referee accordingly did.

On February 20, 1947, the debtor filed a verified petition in the bankruptcy proceedings setting up the fact of the pendency of the infringement suit, apparently growing out of the uses made of the patents, pursuant to the license agreement with the appellant. The petition also set forth the cancellation of the license agreement by the appellant and the discontinuance of the manufacture and sale of the automatic phonographs, and an agreement with the attorneys for Rock-Ola for the entrance of a consent decree in the infringement suit, with a waiver of damages and accounting, but with the usual restraining orders, each party to pay his own costs. The petition also prayed that the debtor be authorized to settle and dispose of the infringement suit on that basis. No one appeared in opposition to this petition or filed any pleadings in answer thereto. The prayer of the debtor was granted, and an order authorizing the disposition of the infringement suit was entered after a consideration of the verified petition and the statement and argument of counsel. The order recited the filing of the petition and statement of counsel that the debtor had ceased the manufacture and sale of the automatic phonographs involved in the patent suit and recited further that prior to the institution of the proceedings the debtor had manufactured and sold the automatic phonographs by virtue of the license agreement with the appellant, which license agreement had been cancelled; that due notice of the filing of the debtor's petition had been given to all of the parties in interest; and it was ordered that the officers of the debtor be authorized to enter into the consent decree with the usual restraining orders; and "that there shall be no accounting between the parties, the claim of plaintiff in said action for profits and damages to be waived as to any infringing sale or use prior hereto, Batavia to have the right to make non-infringing sales of parts and accessories of the phonograph now on hand and that

each party to said patent action shall pay its own costs."

A petition to review this order was filed by the appellant, and the objections asserted therein were that on the hearing of the petition of the debtor for authority to settle the infringement suit, the debtor's counsel represented, apparently truthfully, that prior to the institution of the infringement suit the debtor had manufactured a substantial quantity of parts and materials for the assembly of the automatic phonographs which were assets of the debtor's estate and of substantial value, and if sold as scrap, these assets would have only a nominal value, and that under the terms of the proposed consent decree *grave doubt* would exist as to the rights of the debtor to dispose of these materials except as scrap; secondly, the petition complained that there was no allegation in the pleading, nor was any evidence introduced, to support the recital in the order sought to be reviewed that the debtor had manufactured and sold automatic phonographs by virtue of the license agreement with the appellant; thirdly, that the appellant had also been sued for infringement by Rock-Ola in the District Court of Minnesota, although infringement of what does not appear, that a declaratory judgment was there sought against the appellant, that the adjudication of that suit would dispose of the issues in the infringement suit herein, and that the debtor knew of this suit and did not inform the referee or the District Court of it; and that the appellant as a creditor of the debtor is aggrieved and the debtor's estate jeopardized and injured by the order.

The District Court denied the petition to review and confirmed the referee's order. This appeal is from this order of the District Court.

■ The appellant's objections seem frivolous to us. As to the first, namely, the likelihood that the District Court's proposed consent decree may not permit the valuable materials of the debtor's estate to be sold except as scrap. It is contended that under the proposed consent decree *grave doubts* would arise as to the rights of the debtor to dispose of the materials except as scrap.

The short answer to that is that we do not know whether there is a basis for such grave doubt or not, as a copy of the proposed consent decree is not in the record, and no proceeding is now before us authorizing the sale of the materials as scrap. It will be time enough to meet that when the issue is presented. We cannot assume that the District Court would authorize a disposition of valuable assets except in the interest of the debtor's estate.

■ As to the second proposition, that manufacture and sale of the automatic phonographs were made before the institution of the bankruptcy proceedings. True, in the verified petition of the debtor for authority to enter the consent decree there is no allegation to support the referee's finding. We do not know what counsel represented to the referee on the presentation of the said petition that might have given support to the recital in the order. The recital is not necessary to support any part of the court's order. It may be treated as surplusage. In any event, such recital, if unsupported, was not harmful and did not adversely affect the debtor's estate, and that is all the referee had to consider. Whatever rights the appellant had in the estate were in the appellant's claim for money damages. The consent decree did not authorize any money judgment for any sum against the debtor. It did not shrink the debtor's estate one cent. The debtor had nothing to lose by abiding by the order except its freedom to manufacture and sell, pursuant to the license agreement. The debtor had already ceased such manufacture and sale, and the appellant by its affirmative action had terminated the license agreement.

■ It needs no argument to demonstrate that the third contention of the appellant is without merit. The debtor owed no duty to the appellant to protect it in the infringement suit in Minnesota or to inform the referee or the District Court that such suit was pending. The debtor was not a party to that suit. The referee's concern, and that of the District Court, was only to see that the debtor's estate was protected and by so doing protect all of the creditors. Whether an infringement suit against the debtor shall be settled by a consent decree, with a waiver of damages and accounting, requires the exercise of discretion by the referee and the District Court, and their determination cannot be disturbed here, in the absence of a clear showing of an abuse of such discretion. In re Kansas City Journal-Post Co., 8 Cir., 144 F.2d 816, 817, 818; In re Anderson Thorson & Co., 7 Cir., 125 F.2d 325; Scott et al. v. Jones, 10 Cir., 118 F.2d 30, 32; In re Riggi Bros. Co. Inc., 2 Cir., 42 F.2d 174, 176. On this record, we cannot see how the court could be guilty of an abuse of discretion in authorizing a consent decree by the debtor which enjoined the debtor from doing only what it had already ceased doing. It is even more difficult to see how the appellant, a creditor who had helped to bring about such cessation, could be aggrieved.

The judgment of the District Court is affirmed.