In re Babu K. PATEL, Debtor.

ESTATE OF Babu PATEL, Ilene F. Goldstein, Plaintiff,

v.

Babu PATEL, Meena Patel, Jean Trudan, individually; Babu Patel d/b/a Patel Management; MAJS Investment Corp., an Illinois corporation; MBA Management Corp., an Illinois corporation; Albany Bank & Trust Company, a national banking association, as Trustee under Trust Agreement dated October 13, 1980, and known as Trust No. 11–3962; Lake View Trust & Savings; and Sheriff of Cook County, Illinois, Defendants.

No. 84 C 5289.

United States District Court, N.D. Illinois, E.D.

Oct. 17, 1984.

Ilene F. Goldstein, Chicago, Ill., trustee on behalf of debtor's estate,

James N. Mrowicki, Chadwell & Kayser, Ltd., Chicago, Ill., for plaintiff and trustee-appellee,

Stan Papuga, Kropik, Papuga & Shaw, Chicago, Ill., for defendant Jean Trudan,

Eugene Crane, Crane, Heyman & Haas, Chicago, Ill., for defendant Meena Patel.

Gary Tucker, and John H. Redfield, Chicago, Ill., for defendant and debtor-appellant B. Patel.

## ORDER

BUA, District Judge.

Babu Patel ("Debtor") appeals an order entered by Bankruptcy Judge Frederick Hertz in 84 A 0486 (83 B 11544—Chapter 11 Proceedings) (Bankr.N.D.Ill. April 30, 1984). The issues presented on appeal are: (1) whether the Court has jurisdiction to hear this appeal; (2) whether the notice under Rule 2002(a)(3) was required in this case; (3) whether the bankruptcy court was clearly erroneous in denying debtor's request to amend his Chapter 11 schedules; and (4) whether the bankruptcy court abused its discretion in approving the settlement order. For the reasons stated herein, the Court concludes that: (1) it has jurisdiction to hear this appeal; (2) notice under Rule 2002(a)(3) was excused for good cause shown by the bankruptcy court; (3) the bankruptcy court was not clearly erroneous in denying the debtor's request to amend his schedules; and (4) the bankruptcy court did not abuse its discretion in approving the settlement order. Therefore, the April 30, 1984 order is affirmed.

## I. FACTS

Prior to November, 1980, Jean Trudan owned legal title to property commonly known as 4328–36 North Hermitage, Chicago ("Hermitage"). On or about November 3, 1980, Hermitage was conveyed by Trudan to the Albany Bank as Trustee under a land trust arrangement. At that time, debtor was the 100 percent owner of the beneficial interest in the land trust and possessed the sole power of direction over the trust. Subsequently, Albany Bank at the debtor's direction executed an installment note and mortgage to Trudan, as mortgagee, in the amount of $335,000. Further, debtor personally guaranteed the entire indebtedness to Trudan. Debtor, individually and through Patel Management

Corp., collected rents, leased apartments, and generally managed, operated and controlled Hermitage.

On or about June 17, 1982, debtor transferred without consideration his interest in the land trust (Hermitage) to MAJS Investment Corporation. The stock in MAJS, incorporated 27 days earlier, is purportedly owned by debtor's wife, Meena Patel. However, debtor remained personally liable on the mortgage note executed by Albany Trust and MAJS assumed no liability towards Trudan. Further, debtor individually and through Patel Management Corp. and MBA Management Corp. continued to manage, operate and control Hermitage.

On or about September 20, 1983, debtor filed a Chapter 11 petition. *In re Babu Patel*, 83 B 11544 (Bankr.N.D.Ill. filed September 20, 1983). The initial schedules filed by debtor in his bankruptcy proceedings listed no interest in Hermitage. Later, however, debtor attempted to amend his Chapter 11 schedule to list Hermitage as real property of the debtor.

Prior to the Chapter 11 filing, on March 23, 1983, Trudan filed a complaint to foreclose the mortgage on Hermitage. Named as defendants were Albany Bank as Trustee; the debtor individually and doing business as Patel Management and Patel Management Inc.; and MAJS Investment Corp. *Trudan v. Albany Bank & Trust Co.*, 83 CH 2373 (Cir.Ct. Cook Co. March 23, 1983). On September 30, 1983, the Circuit Court entered a foreclosure judgment providing for a six-month period of redemption from the date of the foreclosure sale. The foreclosure sale was held on October 26, 1983 and a certificate of sale was issued to Trudan as the purchaser at a price of $357,-471.96. According to the certificate of sale, the period of redemption expires on April 27, 1984, at which time a deed will be issued to Trudan.

On February 17, 1984, Ilene F. Goldstein's appointment to serve as Trustee for the debtor's estate was accepted. On April 24, 1984, the Trustee filed this action, an Adversary Complaint on behalf of the debtor's estate to recover Hermitage, which was allegedly fraudulently conveyed by the debtor to his wife and MAJS and to recover rents received by his wife and MAJS from that property and for other relief. Named as defendants in this action are: the debtor, his wife, Trudan, MAJS, MBA, Patel Management Corp. and other nominal defendants. The Trustee and Trudan settled their dispute on April 26, 1984. The action is still pending concerning various claims against the other defendants.

The settlement gives the Trustee the right to sell Hermitage, collect the proceeds from the sale in order to distribute them according to the agreement, and to manage the building and collect rental payments up to the time of the sale. The Trustee has the right to sell Hermitage for six months from the latter of, the date of the issuance of the sheriff's deed or the final determination of the state court proceedings. In return, Trudan receives a monthly payment of $3,457 (the minimum Trudan would have received under Sections 363 and 364 of the Bankruptcy Code, 11 U.S.C. §§ 363 and 364, as adequate protection payments) during the period the Trustee manages Hermitage. If the Trustee sells Hermitage, Trudan will receive the amount of the foreclosure judgment, payment of her reasonable attorneys' fees, and $25,000 in consideration for the agreement. If Hermitage is sold for more than $600,-000, Trudan will receive 50 percent of the proceeds necessary to recover missing security deposits up to $12,000. The Trustee is entitled to the remaining amounts. Trudan also has the right to an apartment in Hermitage for life.

If the Trustee can't sell Hermitage, Trudan may offer it for sale, subject to the estate's right of first refusal. The right of first refusal by the estate is for six months after the expiration of the Trustee's six-month period. The sale proceeds will be distributed in the same manner as if the Trustee sold Hermitage. The sale and all costs attendant to it are subject to the bankruptcy court's approval.

The settlement did not dismiss the adversary proceedings, since recovery for rental

payments and other relief is still being pursued. The bankruptcy court held two days of hearings on April 26 and 27, 1984, regarding the settlement order. On April 30, 1984, the bankruptcy court entered an order approving the settlement agreement between the Trustee and Trudan.

## II.  DISCUSSION

In reviewing a decision of the bankruptcy court, the district court must accept the bankruptcy court's findings of fact unless they are clearly erroneous. Rule 8013 of the Rules of Bankruptcy Procedure. *Nigro v. Estate of Chung King, Inc.*, 35 B.R. 420, 422 (N.D.Ill.1983). Legal determinations by the bankruptcy court generally may be reversed if they are "contrary to law." *Id.*

### 1.  *Jurisdiction To Hear Appeal*

■ Debtor-appellant argues that the Court has jurisdiction to review this appeal from the bankruptcy court. He contends that an order by a bankruptcy court approving a compromise or settlement is final and therefore appealable under 28 U.S.C. § 1334(a). Trustee-appellee counters with authority that a denial of a compromise or settlement is not an appealable order under § 1334(a). Therefore, she concludes that no decision relating to a settlement is appealable under either § 1334(a) or (b).

Section 1334 governs appeals from bankruptcy courts and states that a district court "shall have jurisdiction of appeals from all final judgments, orders, and decrees of bankruptcy courts." 28 U.S.C. § 1334(a) (1984). An order denying or disapproving of a compromise or settlement is clearly not a final order under § 1334(a), *In re Tidewater Group, Inc.*, 22 B.R. 500, 504 (N.D.Ga.1982). However, a bankruptcy order approving a settlement is final and appealable under § 1334(a) because it determines the rights of the parties to the settlement. *In the Matter of Merle's, Inc.*, 481 F.2d 1016, 1018 (9th Cir.1973). While the opinion in *Merle's* applied to 11 U.S.C. § 47(a), which preceded 28 U.S.C. § 1334(a) in defining the appealability of bankruptcy

orders, the Court finds that the same reasoning should apply to § 1334(a).

In the present case, the Trustee and Trudan entered into the settlement order which was approved by the bankruptcy court. The order provides for the dismissal of Trudan as a defendant in this action and settles the Trustee's claim in Hermitage. With respect to the parties to the settlement, it determines finally their rights in this action as against each other. Therefore, the bankruptcy court's order approving the settlement is final and appealable under § 1334(a).

### 2.  *Notice Under Rule 2002(a)(3)*

■ Debtor-appellant argues that the settlement order should be set aside since the bankruptcy court did not give the required notice to creditors under Bankruptcy Rule 2002(a)(3). He contends that failure to find good cause to waive the notice and failure to give notice to unsecured creditors of the proposed settlement constitute a fatal error to its validity. The Trustee counters that debtor waived the notice issue on appeal because he did not raise it in the bankruptcy court.

Under Rule 2002(a)(3), the bankruptcy court must give 20-day notices to debtor, Trustee, and creditors of a hearing to approve a compromise or settlement of a controversy. However, a bankruptcy judge may waive such notice for good cause shown.

In the present case, the bankruptcy court did not make an express finding of good cause when it waived the 20-day notice. However, the Court finds that there was good cause to waive the notice for two reasons. First, it was necessary to waive notice in order for the bankruptcy court to hold hearings and determine whether to approve the settlement before the redemption period on Hermitage expired. Once the redemption period had expired, any interest in Hermitage held by the Trustee would be lost. The bankruptcy court in this case had no power to extend the redemption period and therefore, once the period had run, Hermitage would no longer be property of the estate. *In re Martin-*

*son,* 22 B.R. 648 CCH ¶ 69,318 (D.N.D. 1983); 4 Collier on Bankruptcy, ¶ 541.07[3] at 541–30 (15th ed. 1982).

Second, it is not clear that the debtor is in the best position to challenge lack of notice to unsecured creditors in this case. The debtor had actual notice of the settlement hearings and presented his objections during them. In fact, the debtor through his attorney voiced approval of the settlement. The Court believes that it would be proper for unsecured creditors, if any, who have an interest in Hermitage, to come in to challenge the settlement. However, the bankruptcy court acted quickly and correctly to hear the arguments for and against the settlement in order that the Trustee would keep some control over Hermitage in light of the redemption period expiration. Therefore, the Court finds that waiver of notice as to the unsecured creditors was for good cause since the bankruptcy court's action kept Hermitage within the Trustee's control without litigation and with the possibility of adding to the estate's assets.

### 3. *Amendment of Chapter 11 Schedules*

Debtor argues that he has an absolute right to amend his schedules. He concludes that it was error for the bankruptcy court to deny his request to amend his schedules prior to approval of the settlement order.

■ Bankruptcy Rule 1009 allows a debtor to amend his schedules "as a matter of course at any time before the case is closed." Under former Rule 110, which is exactly the same standard as in Rule 1009, a debtor's motion to amend exemptions may not be denied unless bad faith on the debtor's part is shown or third parties will be prejudiced by the amendment. *In re Doan,* 672 F.2d 831 (11th Cir.1982); *In re Calvin,* 28 B.R. 52, 54 (Bankr.N.D.Ill.1982).

■ In the present case, the debtor's attorney renewed his motion to amend the schedules to include the Hermitage at the hearing on approval of the settlement. Debtor's attorney admitted that allowance of the amended schedules was sought as an

extension of time in order to determine whether the Hermitage is property within the estate. However, the Court believes that a further extension of time would prejudice Mrs. Trudan. As her attorney pointed out, Trudan has waited for the six-month redemption period to run, during which time the debtor or Meena Patel, whoever is adjudged the owner of Hermitage, could have redeemed the property.

Further, amendment of the schedules at this time or even at the time of the foreclosure sale on October 26, 1983 would come after the debtor had notice of Trudan's foreclosure action filed on March 23, 1983 and her judgment on September 30, 1983. The Court concludes that an amendment to debtor's schedules coming at this late date would unduly prejudice Trudan. Therefore, the bankruptcy court's denial of debtor's motion to amend his schedules was correct and is affirmed.

### 4. *Discretion In Approving Settlement Order*

Debtor-appellant argues that the bankruptcy court abused its discretion when it approved the settlement between the Trustee and Trudan. He contends that the settlement is a bad deal for the estate because the Trustee cannot fulfill her obligations under the settlement order and will end up costing the estate more money. In addition, debtor points to the loss of Trustee's action against Trudan in this action and the withdrawal of a motion to toll the redemption period as evidence of the Trustee relinquishing her rights without receiving any benefit in return.

■ Bankruptcy Rule 9019 empowers the bankruptcy court to approve a compromise or settlement. Under former Rule 919, which is exactly the same as Rule 9019, four criteria are to be examined by the bankruptcy judge in exercising his discretion: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and (4) the paramount interest of the creditors. *In re*

*Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr.N.D.Ga.1981); *see also River City v. Herpel (In the Matter of Jackson Brewing Company)*, 624 F.2d 599 (5th Cir.1980). Because the bankruptcy judge is uniquely situated to consider the equities and reasonableness of a particular compromise, approval or denial of a compromise will not be disturbed on appeal absent a clear abuse of discretion. *Matter of Walsh Construction, Inc.*, 669 F.2d 1325, 1328 (9th Cir. 1982); *In re Batavia Metal Products, Inc.*, 166 F.2d 7 (7th Cir.1948).

In the present case, if the Trustee was successful in proving that the transfer from the debtor to MAJS was fraudulent, she would have obtained only MAJS' right to redeem Hermitage. As noted above, this right to redeem Hermitage was set to expire on the day of the settlement and, in the present case, it is unclear whether the bankruptcy court has the power to toll the redemption period under § 105, § 108 or § 362 of the Bankruptcy Act. *See In re Martinson, supra.* Therefore, the Court finds that the cost, complexity and inconvenience of the Trustee's challenge to Trudan's right in Hermitage outweighs the probability of success in such a challenge.

In addition, the settlement gave the Trustee control over the property with the right to collect rent for the estate less Trudan's payments for adequate protection. The settlement brought a substantial asset (Hermitage) into the estate under the Trustee's control for purposes of the property's sale, out of which Trudan would get her foreclosure judgment plus $25,000 for entering into the settlement. In short, the Court finds that the Trustee acted in the best interests of the estate, and therefore of its creditors, when she entered into the settlement with Trudan. The record of the bankruptcy court proceeding reveals exhaustive discussion of the advantages and disadvantages of the settlement and therefore provides ample support for this Court's finding that the bankruptcy court did not abuse its discretion in approving the settlement.

### III. CONCLUSION

Since it finds no abuse of discretion by the bankruptcy court in its approval of the settlement, the Court affirms the April 30, 1984 order. An award of attorneys' fees is improper here since the Court finds no bad faith in the filing of this action by debtor-appellant. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765–66, 100 S.Ct. 2455, 2463–64, 65 L.Ed.2d 488 (1980). The parties to this appeal will bear their own costs.

IT IS SO ORDERED.