In re Roy C. **JELINEK, d/b/a Elgin Y & C Cab Co.,** Debtor.

**Bankruptcy No. 86 B 1916.**

United States Bankruptcy Court, N.D. Illinois, E.D.

March 9, 1989.

Boyd L. Gates, Costello & Costello, Carpentersville, Ill., for debtor.

Charles Myler, Myler, Ruddy & McTavish, Aurora, Ill., for trustee.

## MEMORANDUM OPINION AND ORDER

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before this Court on the objection of Charles J. Myler ("Trustee") to the homestead exemption claimed by Roy C. Jelinek, d/b/a Elgin Y & C Cab Co. ("Debtor"). Debtor seeks to claim the homestead exemption in an amended exemption Schedule B–4 filed more than two years after Debtor originally filed his bankruptcy petition. The Trustee objects on the grounds of prejudice, specifically maintaining that the Trustee entered into a settlement of condemnation proceedings involving the property subject to the homestead exemption claim in reliance upon Debtor's failure to claim the homestead exemption.

This Memorandum Opinion and Order shall constitute Findings of Fact and Conclusions of Law pursuant to Bankruptcy Rule 7052 and Federal Rule of Civil Procedure 52.

## FINDINGS OF FACT

1. Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code on February 6, 1986. On June 9, 1987, the case was converted to Chapter 7. Trustee was appointed and is the duly qualified and acting trustee of the Debtor's bankruptcy estate.

2. At the time of the original Chapter 11 proceeding, schedules were filed listing 259 South Grove, Elgin, Illinois, as the address of the Debtor. The Debtor did not list the aforesaid property on the Schedule B–4 as exempt, nor did the Debtor claim the property as exempt in any manner whatsoever.

3. At the time of the bankruptcy filing, the Debtor was a contract purchaser of 259 South Grove, Elgin, Illinois, and did reside in an upstairs apartment at said location.

4. On June 23, 1988, the Debtor filed an amendment to his Schedule B–4 claiming a $7,500 homestead exemption in the property located at 259 South Grove, Elgin, Illinois.

5. At no time prior to June 23, 1988, including his appearance at the Section 341 meeting, did the Debtor indicate to the Trustee or the creditors that he would be claiming a homestead exemption in the property at 259 South Grove, Elgin, Illinois.

6. The Trustee negotiated a settlement of condemnation proceedings on the property at 259 South Grove, Elgin, Illinois, without knowledge that the Debtor was claiming a homestead exemption in that property. That lack of knowledge on the part of the Trustee is specifically attributable to the Debtor's delay in claiming that homestead exemption.

## CONCLUSIONS OF LAW

■ 1. The Debtor's right to amend his schedules, under Bankruptcy Rule 1009(a), at any time before the case is closed does

not exist where there is a showing of bad faith or of prejudice to the creditors. *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982).

■ 2. The Trustee was prejudiced by Debtor's delay in claiming the homestead exemption in that the Trustee negotiated the condemnation proceedings settlement without knowledge of the Debtor's homestead exemption claim. The creditors were prejudiced in that the notices seeking approval of the settlement did not indicate that the Debtor would be claiming the homestead exemption and would therefore possibly receive a portion of the proceeds of the settlement.

3. Debtor's application for leave to amend his Schedule B-4 to claim the homestead exemption is denied on the grounds of prejudice to creditors.

## DISCUSSION

Bankruptcy Rule 1009(a) provides, as did former Bankruptcy Rule 110, that "A voluntary petition, list, schedule, statement of financial affairs, statement of executory contracts, or Chapter 13 Statement may be amended by the debtor as a matter of course at any time before the case is closed." Bankruptcy Rule 1009(a). Former Rule 110 was construed to deny the court's discretion to refuse to grant leave to amend or to even require a showing of good cause. *See In re Gershenbaum,* 598 F.2d 779, 781–82 (3d Cir.1979). The Eleventh Circuit added the gloss that a court may deny leave to amend if there is a showing of the debtor's bad faith or prejudice to the creditors. *In re Doan,* 672 F.2d 831, 833 (11th Cir.1982). The Advisory Committee Note following Rule 1009 states that it continues the permissive approach of former Rule 110. Since the Note refers to the permissive, rather than automatic, approach, it appears to continue both the general permissive attitude as well as the limitations introduced by *Doan. See Matter of Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986).

Both the Debtor and the Trustee agree, in their briefs, with both the general permissive attitude under Bankruptcy Rule 1009(a), as well as with the existence of the limitations traceable to *Doan.* Where the Debtor and Trustee part company is in defining prejudice to creditors and, specifically, in resolving the question of whether such prejudice exists in this case. The Debtor relies on *Williamson,* as interpreted by *Hardage v. Herring Nat. Bank,* 837 F.2d 1319, 1324 (5th Cir.1988), as holding that "the only relevant prejudice is harm to the creditor's litigation posture because of some detrimental reliance on the debtor's initial exemption claim." The Debtor points out that the Trustee's only claim of prejudice is in connection with the settlement of the condemnation proceedings. In that connection, the Debtor claims that the Trustee cannot point to any specific difference in result that would have obtained had the Trustee been aware of Debtor's homestead exemption claim.

The Debtor cites a case from this district dealing with the question of prejudice, *In re Patel,* 43 B.R. 500 (N.D.Ill.1984). The Debtor characterizes that case as follows: "In that case the debtor filed a Chapter 11 and failed to list certain real estate subject to a note and mortgage that he had transferred prior to filing to a corporation owned by the Debtor's wife. The mortgagee proceeded with a then pending foreclosure and obtained a judgment for foreclosure after the date of filing. Before the redemption period expired, a Trustee was appointed who then filed a complaint against the Debtor, his wife, the corporate owner of the property and the mortgagee. The main purpose of the complaint was to avoid the fraudulent transfer to the corporation. The Debtor then attempted to amend his schedules to list the property as property of the estate in an apparent effort to stay the foreclosure. The court denied the amendment saying that the mortgagee would be unduly prejudiced. The mortgagee had already awaited for almost the entire six month redemption period to expire during which the Debtor's wife had the right to redemption."

The Debtor interprets *Patel* as bottomed on bad faith and concealment of property. This Court notes that, in *Patel,* the trustee had negotiated a settlement with the mort-

gagee. That settlement obviated any fraudulent transfer considerations. Furthermore, nowhere in the opinion is there any mention of bad faith. Therefore, contrary to the Debtor's interpretation, this Court looks upon the *Patel* case as meaning what it says, namely, that a creditor can be unduly prejudiced for purposes of Bankruptcy Rule 1009 by the debtor's inordinate delay in amending its exemption schedules.

In the same vein, this Court does not agree with the Debtor's interpretation of another case, cited by both the Trustee and the Debtor, *In re Snow*, 21 B.R. 598 (Bankr.E.D.Cal.1982). That case is very closely on point to the instant case, involving as it does a debtor's delayed claim to a homestead exemption. In *Snow*, that delayed exemption claim followed a fire destroying the subject property, very similarly to this case where the delayed claim followed the settlement of condemnation proceedings. In both instances, the debtor appeared to be initially disinterested in the homestead exemption. In both cases, as well, the debtor's interest perked up when it became apparent that proceeds would be generated by the involuntary conversion of the subject property.

The relevant language from *Snow*, disallowing the debtor's delayed amendment of his Schedule B–4, is as follows: "Creditors' rights have attached to these assets because no valid exemption had been claimed during this period. To allow a debtor to amend his claim of exemption at this late date would clearly be inequitable and would hinder the diligent administration of the bankruptcy estate by the bankruptcy trustee. Because to allow the Debtor to amend his claim of exemption at this late date would have an adverse impact on creditors whose rights have attached to the assets of the bankruptcy estate and because late amendment to the Debtor's claim of exemptions would hinder the diligent administration of the bankruptcy es-

tate by the Trustee, the amendment is not seasonable and, therefore, not allowed."

The Debtor takes issue with *Snow* because it does not use the prejudice language of *Doan—Williamson—Hardage*. This Court is unimpressed with that argument for several reasons. First, cases from the Fifth and Eleventh Circuits are not controlling authority in this Circuit, especially where there is a case from this district which applies a more relaxed standard of prejudice. Second, the *Patel* case cites *Doan* and its prejudice analysis, and nevertheless comes to the conclusion that a mere delay in claiming the exemption constitutes sufficient prejudice to creditors. Under such an analysis, sufficient prejudice to creditors exists in the *Snow* case as well to deny the amended claim of exemption. Third, the *Snow* discussion of creditors' rights having attached and interference with the diligent administration of the estate, as well as the characterization of the debtor's late claim as inequitable, amounts, in this Court's opinion, to the same thing as prejudice even if the *Snow* court did not use that precise terminology. As a result, this Court feels that *Snow* is entirely consistent with *Doan—Williamson—Hardage* and that *Snow* is therefore authority for denying the Debtor's amended exemption claim in this case.[1]

This Court further holds that the appropriate rule for delayed schedule amendments under Bankruptcy Rule 1009(a) is to balance creditor prejudice against both debtor diligence in proposing the amendment as well as good cause shown for the amendment. It is true that *In Re Gershenbaum*, 598 F.2d 779, 781–82 (3d. Cir. 1979) does not allow a court to require good cause for an amendment under Rule 1009(a). However, that rule obtains in the absence of creditor prejudice. Where there is creditor prejudice, the *Doan—Williamson—Hardage* rule does not automatically allow the amendment under Rule 1009(a). Rather, the debtor in

1. The Debtor alludes to the possibility of reversal of *Snow* on appeal and cites to an attempted appeal dismissed only because not timely filed. *In re Snow*, 23 B.R. 655 (Bankr.E.D.Cal.1982).

This Court agrees with the Trustee that it is pure conjecture to assume that *Snow* would have been reversed on appeal. In the absence of such reversal, *Snow* stands as good authority.

such a case has a burden to justify the amendment.

Furthermore, it is reasonable to allow the debtor to justify an amendment by showing good cause where the amendment would otherwise be disallowed because of creditor prejudice. This follows because one of the reasons for disallowing an amendment under *Doan—Williamson—Hardage* is the debtor's bad faith. Good cause is merely the opposite of bad faith. Therefore, just as bad faith weighs against allowing the amendment, good cause should weigh in favor of allowing it. Similarly, a debtor's diligence in proposing the amendment at an early point in the case, rather than at a later point, tends to negate bad faith. Such diligence should therefore also weigh in favor of allowing the amendment.

In view of the foregoing, this court applies a rule in schedule amendment cases which varies the degree of creditor prejudice required to disallow the amendment directly with the degree of good cause shown for the amendment. Further, the degree of such prejudice varies inversely with the amount of time elapsed between the filing of the petition and the proposal of the amendment.[2] This rule is consistent with the cases cited by the Debtor in which amendments were allowed despite some degree of creditor prejudice. *See e.g., Lucius v. McLemore,* 741 F.2d 125 (6th Cir.1984); *In Re Hayden,* 41 B.R. 21 (Bankr.N.D. Miss.1983); *In re Calvin,* 28 B.R. 52 (Bankr.N.D.Ill.1982); *In Re Alesia,* 28 B.R. 46 (Bankr.N.D.Ill.1982); *In Re Stewart,* 11 B.R. 447 (Bankr.N.D.Ga.1981). In this case, the Debtor waited over two years to propose his amendment and has shown no good cause for that amendment. The degree of creditor prejudice required in this case is, therefore, slight. Such required level of prejudice certainly exists in this case.

Accordingly, Debtor is denied leave to amend his Schedule B–4 to claim the homestead exemption and the Trustee's objection to that amendment is sustained.

---

**2.** Expressed mathematically (which seems to be preferred by the Court of Appeals for this Circuit; *See American Hospital Supply Corp. v. Hospital Products, Ltd.,* 780 F.2d 589 (7th Cir. 1986)), if $Z$ = the degree of required creditor prejudice, $X$ = the degree of cause shown by the debtor and $Y$ = the amount of time between filing the petition and proposing the amendment, then

