**In re Antonio DEL GROSSO, Debtor.**

**Bankruptcy No. 89 B 06606.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 13, 1989.

John V. Del Gaudio, Jr., Chicago, Ill., for debtor Antonio Del Grosso.

Harry Miller, Trustee, Chicago, Ill.

### MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes to be heard on the application of Harry S. Miller as Trustee (the "Trustee") of the estate of Antonio Del Grosso (the "Debtor") to authorize settlement of a personal injury lawsuit. For the reasons set forth herein, the Court hereby approves the settlement.

### I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this motion pursuant to 28 U.S.C. § 1334 and General Orders of the United States District Court for the Northern District of Illinois. The motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A), (O).

### II. FACTS AND BACKGROUND

The Debtor filed a voluntary Chapter 11 petition on April 19, 1989. Pursuant to creditor allegations of fraud and mismanagement, the Court held a hearing on a motion for the appointment of a trustee or examiner. Thereafter, on June 27, 1989,

the Court appointed an examiner. Subsequently, a report of the examiner's preliminary investigation was submitted to the Court. On July 13, 1989, after a hearing on the Debtor's motion to voluntarily dismiss the case and a creditor's motion to convert, the Court converted the case to Chapter 7. Harry Miller was appointed Interim Trustee on July 14, 1989.

Prior to the filing of the case, the Debtor retained attorney Thomas M. Breen ("Breen"), for the purpose of representing him in connection with a cause of action arising out of personal injuries he sustained on February 6, 1988. On that date, the Debtor and Robert W. Vink were involved in an automobile collision at the intersection of Stony Island and 186th Street in Thornton, Illinois.

The agreement between the Debtor and Breen provides that Breen is to be paid a contingent fee in the sum of one-third of any amount recovered on the personal injury claim by way of suit, settlement or otherwise. Moreover, the agreement provides that Breen is authorized to incur reasonable expenses in connection with the settlement, adjustment or prosecution of the cause of action and shall be reimbursed for the actual amount of those expenses. Breen maintains offices with the law firm of Walsh, Neville, Pappas & Mahoney (the "Mahoney firm"). Breen had an oral arrangement by which he referred the Debtor's personal injury case to that firm. Breen would receive a referral fee out of the contingent fee based on the work he performed in connection with the case.

Subsequently, in February 1988, Breen and the Mahoney firm filed a complaint on behalf of the Debtor in the Circuit Court of Cook County naming Robert W. Vink, Jr. and Telecommunications Contractors, Inc., Vink's employer. The complaint was amended on June 28, 1988. The amended complaint seeks damages in an amount in excess of fifteen thousand dollars. Substantial discovery has been completed and settlement negotiations have produced an offer of $125,000.00.

The Trustee has applied to the Court for approval of the settlement as in the best interest of the estate. The Debtor is the only party objecting. He contends that settlement is premature at this time, the amount offered is too low and that the Trustee should first marshal and liquidate other assets of the estate to pay allowed claims, perhaps in full, so that the personal injury action could be abandoned to the Debtor.

### III. EVIDENCE ADDUCED AT TRIAL

Terence J. Mahoney testified at the hearing in regard to the offer of settlement from the insurance company. He is a partner with the Mahoney firm. Most of his practice is limited to personal injury cases. He has had extensive trial experience in this area of practice.

According to Mahoney's review of the documentary evidence and related medical records, the Debtor sustained the following personal injuries as a result of the accident: concussion; multiple lacerations, contusions and abrasions; and a fractured right scapula, left second rib, and right distal tibia. In addition, the Debtor has suffered some residual injuries consisting of loss of memory regarding the facts of the occurrence, frequent dizziness and tires easily.

Mahoney testified that he received several offers from defense counsel responsive to the initial demand of $200,000.00. The last offer was initially made for $100,-000.00 in cash plus an annuity for fifteen to twenty years for $50,000.00. This offer was modified, after consultation with the Debtor, to a cash settlement of $125,000.00. Mahoney recommended the settlement to the Debtor before he learned of the pending bankruptcy case. The bases for his continuing recommendation to the Trustee are numerous: 1) a review of the Debtor's medical records and reports from treating physicians indicated no permanent injuries; 2) the Debtor has had no further medical treatment from his orthopedic physician for over a year; 3) the current backlog of jury trials in the Circuit Court of Cook County would put the time of trial in 1994 or 1995; 4) investigation of the facts and circumstances of the accident indicated no corroborating occurrence witnesses; 5) in Maho-

ney's experience in the field of personal injury lawsuits, the offer was in the range of a probable favorable verdict; and 6) the Debtor approved the amount offered. Mahoney is of the opinion that if the case were tried, a probable favorable verdict would result ranging from under $100,-000.00 to over $200,000.00. He further represented that the offer was final and could be withdrawn.

The Debtor substantially confirmed Mahoney's testimony as to the personal injuries he sustained. In addition, he testified that he was in a coma for two days post-accident; his right ankle is continually swollen; he received a lump on the right side of his head; he experiences dizziness approximately sixty percent of the time; he experiences some loss of vision in the right eye; and he must walk with a cane at all times due to the hip injury. Moreover, the Debtor testified that his lifestyle has changed because of his claim of traumatically induced arthritis which onset after the accident. He concluded that the settlement offer was inadequate considering the injuries he has sustained. He denied approving the offer of $125,000.00.

### IV. DISCUSSION

Bankruptcy Rule 9019(a) empowers the Court to approve a proposed compromise or settlement and provides in relevant part that: "[o]n motion by the trustee and after a hearing on notice to creditors ... and to such other persons as the Court may designate, the court may approve a compromise or settlement." Fed.R.Bankr.P. 9019(a). Rule 9019(a) is essential the same as former Rule 919(a). The Rule has been construed to give the Court broad authority to approve compromises. *In re Sherman Homes, Inc.,* 28 B.R. 176, 177 (Bankr.D.Me. 1983). Courts generally recognize that compromises are favored. *See In re New York, New Haven & Hartford Railroad Co.,* 632 F.2d 955 (2d Cir.1980), *cert. denied,* 449 U.S. 1062, 101 S.Ct. 786, 66 L.Ed.2d 605 (1980). The purpose of a compromise is to allow the Trustee and the creditors to avoid the expenses and burdens associated with litigating contested

claims. *Matter of Walsh Construction, Inc.,* 669 F.2d 1325, 1328 (9th Cir.1982).

In spite of the requirement of Court approval, the Trustee must initially determine whether litigation should be settled and whether the terms are in the best interest of the estate. The Trustee's power to compromise extends to all controversies affecting the estate and not merely those involved in pending suits. *Florida Trailer and Equipment Company v. Deal,* 284 F.2d 567, 569 (5th Cir.1960). The requirement that adequate information be set forth in sufficient detail to enable approval of a settlement parallels the same requirement applicable to consideration of settlements in class actions or derivative actions pursuant to Rules 23 and 23.1 of the Federal Rules of Civil Procedure. *In re Lion Capital Group,* 49 B.R. 163, 176 (Bankr.S.D.N.Y.1985).

The decision to approve an application to compromise is a matter within the discretion of the Court. *In re Aweco, Inc.,* 725 F.2d 293, 297 (5th Cir.1984) *cert. denied,* 469 U.S. 880, 105 S.Ct. 244, 83 L.Ed.2d 182 (1984); *In re Sherman Homes, Inc.,* 28 B.R. at 177. The decision will not be disturbed on appeal absent a clear showing of abuse of discretion. *In re Patel,* 43 B.R. 500, 504–505 (N.D.Ill.1984); *In re Bell & Beckwith,* 77 B.R. 606, 611 (Bankr.N.D. Ohio 1987) *aff'd,* 87 B.R. 472 (N.D. Ohio 1988). Generally, the Court will approve a settlement if it is in the best interest of the estate. *In re American Reserve Corp.,* 841 F.2d 159, 161 (7th Cir.1987); *In re A & C Properties,* 784 F.2d 1377, 1380–1382 (9th Cir.1986), *cert. denied, Martin v. Robinson,* 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986); *In re Heissinger Resources Ltd.* 67 B.R. 378, 383 (C.D.Ill.1986); *Patel,* 43 B.R. at 505; *In re Central Ice Cream Co.,* 59 B.R. 476, 487 (Bankr.N.D. Ill.1985) ("In approving a settlement in a liquidation proceeding, the Court must determine what course of action is in the best interest of the Estate, with major consideration to the interests of creditors.... A proposed settlement in a liquidation proceeding should be approved if it provides for 'the best possible realization upon the available assets ... without undue waste

or needless or fruitless litigation.' " *Id.* at 487 (*quoting In re Kearney,* 184 F. 190, 192 (N.D.N.Y.1910)).

■ Prior to approving a settlement, the Court has the duty to review the merits of the agreement to ensure that the compromise is fair. *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 424, 88 S.Ct. 1157, 1163, 20 L.Ed.2d 1 (1968). ("*TMT Trailer*").[1] In exercising its discretion, the bankruptcy court must weigh all factors bearing on the reasonableness of the settlement including: 1) the probability of success in the litigation; 2) the difficulties, if any, to be encountered in the matter of collection; 3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and 4) the paramount interest of the creditors and a proper deference to their reasonable views. *In re Flight Transportation Corp. Securities Litigation,* 730 F.2d 1128, 1135 (8th Cir.1984) *cert. denied,* 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985), *citing Drexel v. Loomis,* 35 F.2d 800, 806 (8th Cir.1929). *Accord, TMT Trailer,* 390 U.S. at 424–425, 88 S.Ct. at 1163–1164; *Patel,* 43 B.R. at 504; *Central Ice Cream Co.,* 59 B.R. at 487; *In re Erickson,* 82 B.R. 97, 99 (D.Minn.1987). The Court has the responsibility of making an informed, independent judgment, apprising itself of "all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated." *TMT Trailer,* 390 U.S. at 424, 88 S.Ct. at 1163.

■ The Trustee, as proponent of the proposed settlement, has the burden of showing that the settlement terms are in the best interest of the estate. *In re Hallet,* 33 B.R. 564, 565–566 (Bankr.D.Me. 1983). The Court may give weight to the opinions of the Trustee, the parties and their attorneys. *In re Blair,* 538 F.2d 849, 851 (9th Cir.1976). The Trustee's disapproval is a factor pointing to the impropriety of a compromise. *In re Paley,* 26 F.Supp. 952 (S.D.N.Y.1939). Proponents of settlement, and normally the Trustee in the first instance, must show the proposal is reasonable and that: 1) the settlement was not collusive, but was arrived at after arms-length negotiations; 2) that the proponents have counsel experienced in similar cases; 3) that there has been sufficient discovery of the underlying claims of parties to enable counsel to act intelligently; and 4) that the number of objectants or their relative interest is small. *Feder v. Harrington,* 58 F.R.D. 171, 174–175 (S.D. N.Y.1972).

Once there is a showing that the settlement should be approved, the burden then shifts to the objecting party who cannot oppose the settlement by merely demanding more proof. "To allow the objectors to disrupt the settlement on the basis of nothing more than their unsupported suppositions would completely thwart the settlement process.... [T]he objectors [must] have made a clear and specific showing that the vital material was ignored by the District Court." *City of Detroit v. Grinnell Corp.,* 495 F.2d 448, 464 (2d Cir.1974). The Court may approve a settlement over objections of some parties, as long as the settlement is in the best interests of the estate as a whole. *In re Flight Transportation Corp. Securities Litigation,* 730 F.2d 1128, 1138 (8th Cir.1984) *cert. denied,* 469 U.S. 1207, 105 S.Ct. 1169, 84 L.Ed.2d 320 (1985).

■ The Court concludes that the Trustee has met his burden. The evidence adduced at the hearing clearly establishes that the proposed settlement is in the best interest of the creditors and the estate. Although there is probable success if the case were tried to verdict in 1989, there is no guarantee of same in 1994 or 1995. Mahoney's testimony indicated little difficulty if any in the matter of collection. The case is not unduly complex but the delay and inconvenience attendant to wait-

---

1. Courts have used a "fair and equitable" standard and a "best interest of the estate" standard. The Seventh Circuit stated in *In re American Reserve Corp.,* 841 F.2d 159, 162 (7th Cir.1987), "[a]ny distinction between the 'best interests of the estate' and the 'fair and equitable' standards is of little consequence."

ing until 1994 or 1995 is substantial. If the case is tried, additional expenses for expert witness and other costs will likely be incurred. Furthermore, the paramount interests of the creditors weigh heavily in favor of this settlement. In fact, none of the creditors have objected to the proposed compromise.

Moreover, the Trustee has demonstrated that the proposal is reasonable and was arrived at after arms-length negotiations and that he has retained special counsel, namely the Mahoney firm, experienced in similar cases, who has conducted sufficient discovery to intelligently evaluate and recommend acceptance of the offer. The Debtor's exempt interest pursuant to Ill. Rev.Stat. ch. 110 ¶ 12–1001(h)(4) is limited to $7,500.00 of the claim. This amount is relatively small as compared to that of the creditors.

All attendant facts and circumstances of the proposed settlement and the underlying cause of action have been fully disclosed. Thus, the Court can make an informed and independent judgment about the matter. Settlement is not premature. The amount of the settlement is fair and reasonable and within the estimated range of probable recovery. Thus, the amount is not too low although it is understandably less than the Debtor would like to receive.

The Debtor's argument which would require the Trustee to first marshal other assets of the estate to pay creditors' claims so that this asset could be abandoned to the Debtor is disingenuous. Neither the Trustee nor the Debtor cite any supporting authority for that proposition. The equitable doctrine of marshalling normally applies for the purpose of protecting creditors who have competing claims where one has security in two funds in the hands of a debtor, but the other has security in only one fund. *See DuPage Lumber & Home Improv. Center Co. v. Georgia–Pacific Corp.*, 34 B.R. 737 (N.D.Ill.1983). Although the Court has considered the Debtor's arguments and objections, the doctrine of marshalling would be inappropriately invoked in this case.

## V.   CONCLUSION

For the foregoing reasons, the Court hereby authorizes settlement of the personal injury lawsuit by the Trustee in the amount of $125,000.00 with all perfected liens or assignments, if any, to attach to said settlement proceeds. This matter is set for further hearing on November 27, 1989 at 2:00 p.m., for determination of allowance, validity and amount of said liens or assignments.

This Opinion is to serve as findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

See written Order.