In re Chester J. SZYMANSKI, Jr., Debtor.

Chester J. SZYMANSKI, Jr., Defendant–Appellant,

v.

David R. HERZOG, Trustee in Bankruptcy, of Chester J. Szymanski, Jr., Plaintiff–Appellee.

No. 95 C 1721.

United States District Court, N.D. Illinois, Eastern Division.

Nov. 6, 1995.

**6**

David R. Herzog, Trustee, Layfer, Cohen & Handelsman, Ltd., Chicago, Illinois.

Peter Francis Geraci, Law Offices of Peter Francis Geraci, Chicago, Illinois, for Chester J. Szymanski, Defendant–Appellant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

The matter now before the court is a bankruptcy appeal. Defendant-appellant, Chester J. Szymanski, Jr., appeals from an order entered by the bankruptcy court on January 31, 1995, in favor of the plaintiff-appellee, David R. Herzog, the trustee in bankruptcy. In that order, the bankruptcy court granted the trustee's objection to Szymanski's attempt to amend his schedules in order to take advantage of a statutory exemption. Szymanski has appealed to this court. For the reasons set forth below, this court affirms the order of the bankruptcy court.

## I. BACKGROUND

On February 16, 1993, the debtor, Chester J. Szymanski, Jr. ("Szymanski"), filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. § 701 *et seq.* ("the Code"). Thereafter, David R. Herzog was appointed trustee in bankruptcy.

On March 23, 1993, a meeting of creditors was held pursuant to Section 341 of the Code. One creditor attended. At the meet-

ing, during oral examination of the debtor pursuant to Section 343 of the Code, Szymanski disclosed the existence of an unscheduled personal injury claim. On November 17, 1993, Herzog sought approval of the bankruptcy court to employ special counsel to pursue the personal injury claim. On December 7, 1993, the bankruptcy court authorized such employment.

Approximately one year later on November 8, 1994, Herzog filed and served a motion to compromise which sought authority from the bankruptcy court to settle the personal injury claim. The settlement amount was $31,500.00 to be dispersed $10,500.00 to the bankruptcy estate and the remainder divided between the special counsel for fees and costs and the holder of a workers' compensation claim. This motion was granted by the bankruptcy court.

Nine days later on November 17, 1994, Szymanski filed an amendment to his bankruptcy schedules listing the personal injury claim as an asset of the estate with a value of $31,500.00. Additionally, he sought to exempt $7,500.00 of that amount pursuant to 735 ILCS 5/12–1001(h)(4).[1] The trustee then filed a timely objection to Szymanski's amendment. On January 31, 1995, the bankruptcy court held a hearing on Herzog's objection and, after oral argument, sustained Herzog's objection, stating in open court that it was "[b]ecause of the delay in the debtor's filing an amendment to his exemptions." Transcript of proceedings before Bankruptcy Judge Susan Pierson Sonderby, January 31, 1995, p. 6.

## II. STANDARD OF REVIEW

Both district and appellate courts review a bankruptcy court's factual findings for clear error and its legal conclusions *de novo.* Bankruptcy Rule 8013. Questions regarding the right of a debtor to claim exemptions are questions of law and are accordingly reviewed *de novo. Matter of Yonikus,* 996

---

1. The law for exemption of personal property in Illinois provides, in pertinent part, as follows: "The following personal property, owned by the debtor is exempt . . .
  (h) The debtor's right to receive, or property that is traceable to:

    (4) a payment, not to exceed $7,500 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent;"
735 ILCS 5/12–1001(h)(4).

F.2d 866, 868 (7th Cir.1993). Meanwhile, the issue of a debtor's intent is a question of fact, or of inference to be drawn from facts, for the bankruptcy court to determine and will be overturned only if it is clearly erroneous. *Id.* at 872–73.

### III. *DISCUSSION*

Bankruptcy Rule 1009(a) allows a debtor to amend his voluntary bankruptcy petition "as a matter of course at any time before the case is closed." Bankruptcy Rule 1009(a). The Seventh Circuit, meanwhile, along with a number of other circuits, has adopted the "permissive approach" of allowing amendment of schedules at any time prior to the case being closed, with an exception where a party makes a showing by clear and convincing evidence of bad faith by the debtor or prejudice to the creditors. *Yonikus*, 996 F.2d. at 872. Consequently, the issue here is whether or not Szymanski's twenty-one month delay in amending his schedules constituted bad faith by the debtor or prejudice to his creditors. The bankruptcy court, while ambiguous as to whether it found bad faith or prejudice or both, did find that the twenty-one months to file an amendment was inordinate delay, thus sustaining the trustee's objection. The question for this court is whether the bankruptcy court was clearly erroneous.

A similar situation arose in the *Jelinek* case. *In re Jelinek*, 97 B.R. 429 (Bankr. N.D.Ill.1989). There, the debtor failed to claim a homestead exemption for the property where he resided and did not indicate that he would claim such an exemption. *Id.* at 430. Without any knowledge that the debtor would claim the exemption, the trustee negotiated settlement of condemnation proceedings for the property. *Id.* As a result, the court concluded that the creditors were prejudiced because the notices seeking approval of the settlement did not indicate the debtor would claim the homestead exemption and thereby receive a portion of the settlement amount. *Id.* at 431. In reaching this conclusion, the court found that "a creditor can be unduly prejudiced for purposes of Bankruptcy Rule 1009 by the debtor's inordinate delay in amending its exemption schedules." *Id.* at 432. The court also cited the adverse impact that freely allowing amendments would cause

to the diligent administration of bankruptcy estates. *Id.*

In this case, Herzog sought to compromise the personal injury claim and reach settlement without any knowledge that Szymanski would claim an exemption to a portion of the proceeds of the settlement. Szymanski's creditors received notice seeking approval of the compromised claim settlement to that effect. According to the notice that the creditors received, the proceeds of the claim would be available to the estate and therefore to the creditors alone. It was only after this notice that Szymanski tried to claim his exemption.

Szymanski attempts to distinguish *Jelinek* on the grounds that Jelinek never indicated that he had a right to claim a homestead exemption in the real estate he lived in and therefore the creditors in *Jelinek* were "clearly prejudiced because they had no notice that the debtor had any asset to exempt and as a result expected the entire proceeds from the settlement to be available to them." Appellant Chester J. Szymanski's Brief ("Appellant's Brief") at p. 9. That is exactly the case here. Although Szymanski stated at the Section 341 Meeting that he had a claim, only one creditor attended. Appellant's Brief at p. 7. Therefore, since Szymanski did not amend his schedules until after the notice of the compromise of the claim was sent to the creditors, the vast majority of them had no idea the claim existed and, as a result, upon learning of the settlement, expected the entire proceeds from the settlement to be available to them. Consequently, the creditors were prejudiced.

Therefore, the court finds no clear error in the bankruptcy court's finding of fact. Accordingly, the court holds that the bankruptcy court's finding was not clearly erroneous, and affirms the bankruptcy court's order of January 31, 1995.

### IV. *CONCLUSION*

For the reasons outlined above, this court affirms the Bankruptcy Court's order of January 31, 1995.